## STANDARD ROOFING & MATERIAL CO. v. SCOTT et al.

No. 32218. Feb. 5, 1946.

*165 P. 2d 828.*

Jack W. Page, of Oklahoma City, for petitioner.

J. B. Underwood, of Tulsa, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On January 4, 1945, Edmond Scott, hereinafter called respondent, filed his first notice of injury and claim for compensation therein stating that on January 16, 1944, while employed as a truck driver with the Standard Roofing & Material Company, petitioner, he sustained an accidental injury arising out of and in the course of his employment when he sprained his back while lifting a sack of cement. On the 7th day of May, 1945, the State Industrial Commission entered an award for 15 per cent permanent partial disability and ordered pay-

ment accordingly. This proceeding is brought to review the award.

The sufficiency of the evidence to sustain the findings as to the accidental injury and the resulting disability is not in dispute. The petitioner raises the sufficiency of the evidence to sustain the finding of the State Industrial Commission in entering the award excusing the giving of the statutory written notice provided by 85 O. S. 1941 § 24. It is the contention of the petitioner that there is no competent evidence reasonably tending to support the finding on the issue of notice.

As stated in Curry v. State Industrial Commission, 182 Okla. 119, 76 P. 2d 899, and Klein Iron & Foundry Co. v. State Industrial Commission, 185 Okla. 424, 93 P. 2d 751, the State Industrial Commission is authorized by 85 O. S. 1941 § 24 to excuse a failure to give the statutory written notice required by said section under certain conditions, and if there is any competent evidence reasonably tending to support the excusing of such notice, the action of the State Industrial Commission thereon will not be disturbed in a proceeding to review the award. The evidence discloses without substantial conflict that the respondent reported to the foreman directly upon receiving the injury; that he was advised to report to Mr. Bullett, the manager, who instructed him to go home and rest for a few days; that thereafter he was taken by an employee of the company to Dr. Sisler, who examined him and advised him that he had sustained an injury to his back; that he again advised the manager, Mr. Bullett, of his examination by Dr. Sisler. Three or four days after the accident he again reported to the manager and asked for medical attention. He was placed on light work and did light work for a few days.

By reference to Curry v. State Industrial Commission, supra, it will be seen that the State Industrial Commission is authorized to excuse the giving of the notice on the ground (1) that the notice for some sufficient reason could not have been given; or (2) on the ground that the insurance carrier or the employer, as the case may be, has not been prejudiced by the failure to give the statutory written notice.

There is competent evidence in the record reasonably tending to support the finding of the State Industrial Commission that the petitioner was not prejudiced by the failure to give the statutory written notice.

The award is sustained.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.