DIERKS LUMBER & COAL CO. v. DEAN et al.

No. 32623.   Nov. 18, 1947.

Rehearing Denied Dec. 16, 1947.

*187 P. 2d 993.*

Chas. E. McPherren, of Oklahoma City, for petitioner.

Hatcher & Hatcher, by Baxter Taylor, all of Oklahoma City, for respondent.

CORN, J.   April 14, 1944, respondent Clarence Wisdom Dean filed first notice of injury and claim for compensation, stating that on June 15, 1943, while employed by petitioner, Dierks Lumber & Coal Company, respondent sustained an accidental injury, arising out of and in the course of his employment, when caught in a revolving shaft at petitioner's sawmill, as a result of which respondent sustained a hernia.

January 31, 1946, an order was entered finding respondent sustained an accidental personal injury and as a result thereof "suffered a left inguinal hernia", and awarded respondent compensation for the statutory period provided for hernia, and costs of an operation to correct same.

May 6, 1946, the State Industrial Commission entered an order modifying the former order, excusing respondent's failure to give statutory written notice of injury, by finding that petitioner was not prejudiced by such failure, and affirming the order of the trial commissioner as modified. The present proceeding is to review the award entered by the commission.

The evidence shows that after the accident respondent was taken to a doctor and received a thorough examination. No injury was found and he returned to work that afternoon. Respondent testified that he had pain in his left side at the time of the accident, and received several treatments from the doctor.

Respondent was able to work regularly until August 7, 1943, when he voluntarily left petitioner's employment and moved to Oklahoma City. During

508

the remainder of the time employed by petitioner he claimed to have suffered some pain, but the record is absolutely silent as to any claim or complaint regarding his condition having been made by respondent.

Respondent was examined by different physicians prior to the date this award was entered. He was examined first on the date of the accident and was treated thereafter for a short time for abrasions. No complaint was made indicating respondent suffered a hernia, and no such condition was found by this doctor after a complete examination.

After moving to Oklahoma City respondent underwent physical examinations required by prospective employers. Dr. Harbison examined respondent in July or early August, 1944, and did not find respondent to be suffering from hernia. During this period respondent was doing manual labor on the freight dock of a local transit company.

Approximately ten months following this accident respondent was examined by two doctors. Both doctors testified he was suffering from a hernia, and that this condition could be caused by a blow or strain; and one of the doctors testified it was impossible to tell whether this condition was due to an accidental injury or the result of natural causes over a long period of time.

Nowhere in the record is there testimony to support a finding that respondent suffered a hernia as a result of the accident in June, 1943. There was positive medical testimony that immediate examination did not reveal a hernia, and respondent thereafter made no complaint during the period he remained in petitioner's employ. Thereafter, at least one doctor examining respondent found no hernia existed and certified him for employment.

While the medical testimony offered in behalf of respondent established that he was suffering from a hernia, there was a complete absence of competent evidence upon which to base a finding that the cause of respondent's condition was the accident of June 10, 1943. There is no medical testimony to connect respondent's condition with any injury he sustained, and even less tending to establish that his condition was attributable to the accident upon which respondent relied as sustaining his claim for compensation.

As stated in Armour & Co. v. Worden et al., 189 Okla. 106, 114 P. 2d 173:

" . . . Under these circumstances the finding by the trial commissioner that the disability was the result of the injury could only be based upon surmise and conjecture and was wholly without any competent evidence to support it. This court is thoroughly committed to the rule that where there is an entire absence of competent evidence to support material findings of fact upon which an award is based, the award will be vacated on review as a matter of law."

Also see National Zinc et al. v. Goines et al., 193 Okla. 460, 145 P. 2d 183, and cases therein cited.

There being no competent evidence to support the finding that the disability suffered was the result of the accidental injury claimed, the award must be vacated as a matter of law.