## DIERKS LUMBER & COAL CO. v. HOLMES et al.

No. 33732.  June 21, 1949.

*207 P. 2d 935.*

Charles E. McPherren, of Oklahoma City, for petitioner.

David Morrison, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

GIBSON, J. In this proceeding Dierks Lumber & Coal Company, petitioner, seeks to have reviewed an award made to E. L. Holmes, claimant, for disability sustained as result of an accident occurring September 30, 1947, while in the employ of the petitioner.

The accident occurred in McCurtain county, of which claimant was a resident. The hearings upon the claim were had and the award thereon was made in Oklahoma City.

As ground for reversal it is contended that by virtue of the provisions of 85 O. S. 1941 §77, the venue of the proceeding lay in McCurtain county and the Industrial Commission was without authority to conduct the hearings in Oklahoma City over the objections of petitioner and in disregard of petitioner's request that the hearings be had in McCurtain county.

By the express terms of the original Act (Laws 1915, ch. 246, art. 4, sec. 5, now 85 O. S. 1941 §75) such hearings may be had at any place in the state. Section 7 of art. 4 of the original Act (85 O. S. 1941 §77), which required the commission to adopt rules of procedure, but in no wise affecting the question of venue, was amended in 1939 (Laws 1939, p. 580, sec. 2; 85 O. S. 1941 §77). The related portion of section 77, as amended, which is subdivision 8 thereof, is as follows:

"The Commission shall require each and every claimant at the time of making and filing his notice of injury, or within thirty (30) days thereafter, to elect where necessary hearings shall be held; provided, that if the claimant is a legal resident of the State of Oklahoma, he shall be required to elect either the county of his legal residence, or the county wherein the injury occurred. After the claimant has made his election, all future hearings affecting his case shall be held in the county so designated by the claimant subject to the following exceptions:

"1. The Commission or trial Commissioner, upon agreement by both parties, shall transfer such cause for hearing to any other county agreed upon.

"2. The Commission or trial Commissioner, may, in its or his discretion, transfer any cause to another county upon application of either party litigant, provided, that upon the making of such transfer, the Commission or trial Commissioner shall require as a condition precedent thereto, that the party requesting such transfer pay all expenses incident thereto, including expense of travel and subsistence of the party litigant and his attorney of record.

"3. The Commission or trial Commissioner, may, upon its or his motion, or upon the motion of either party litigant, transfer the cause to some county other than the county designated by the claimant, when such transfer is necessary to the proper and prompt adjudication of the claim."

It is urged that, under the Act as amended, the initial venue of the proceeding was in McCurtain county and the commission without authority to change the venue except when acting under authority of one of the three exceptions contained in the subparagraphs quoted above; that authority to remove the proceeding from McCurtain county to Oklahoma City could not arise until there had been an election by claimant to hold the initial hearing in McCurtain county, which election was not required by the commission nor made by claimant.

The argument fails to appreciate the true facts. In the original notice of injury and claim for compensation, filed January 7, 1948, claimant expressly declared his election that the hearings be had in McCurtain county. On February 25, 1948, claimant filed an amended notice and claim and therein expressed an election that hearings thereon be had in Oklahoma City. The effect of the election made in the original notice, under authority of the quoted statute, was to establish the venue in McCurtain county and was subject to change only as provided in quoted subparagraphs 1, 2, and 3 of subd. 8,

supra. The election attempted in the amended notice could not of its own force disturb such venue and at most it could be deemed by the commission only an application to transfer the hearings under authority of paragraph 2 or 3. Independently of such application the commission was authorized under subparagraph 3 to make the transfer when "necessary to the proper and prompt adjudication of the claim."

The reasons that actuated the commission to hold the hearings in Oklahoma City instead of in McCurtain county and for refusing to restore the original venue on petitioner's application are set forth in the commission's order, as follows:

"That pursuant to said election and request of claimant the cause was regularly set for trial on the Oklahoma City Docket on March 23rd, 1948, upon notice in writing duly given both parties more than ten days prior to date of such trial, and the cause on said date of May 23rd, 1948, came on regularly for trial, the claimant being present in person and by his attorneys, the respondent being present by its attorneys, and over objection as to venue and motion to transfer by Respondent, it was ordered that the case proceed to trial then and there, the same appearing necessary and essential for a prompt and proper adjudication of the cause, without unreasonable delay, it being taken into consideration that there would not be another trial docket held at Idabel for several months due to the face (sic) that the Commission's traveling expense fund is now practically exhausted."

The correctness of the facts recited as the basis for the commission's action, which is expressly recognized by the statute as ground for such action, is not questioned. Hence, the action of the commission being reasonably supported by competent evidence, the commission's action thereon will not be disturbed on reviewing the award. Standard Roofing & Material Co. v. Scott et al., 196 Okla. 451, 165 P. 2d 828.

Award sustained.