**Mary Rose SIPES, Petitioner,**

v.

**Johnye Lu SIPES, Linda Gale Sipes, Athol Sayre and Howard A. Harbison, dba Athol Sayre Surplus, Mid-Continent Casualty Company and the State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 38359.**

Supreme Court of Oklahoma.

Feb. 3, 1959.

J. P. Hannigan, Okmulgee, for petitioner.

D. F. Rainey, John Barksdale, Okmulgee, and Mac Q. Williamson, Atty. Gen., for respondents.

BERRY, Justice.

On October 21, 1957, Johnson W. Sipes, hereafter referred to as "deceased", died as a result of injuries sustained the previous day while engaged in hazardous employment covered by the Workmen's Compensation Act.

Deceased was survived by Mary Rose Sipes, whom he had married some four months prior to the fatal accident, and by three daughters by a former marriage. The ages of the daughters at the time of deceased's death were respectively 20, 17 and 14 years.

The Industrial Commission divided the death benefit award between the surviving spouse and two minor daughters on the basis of one half to the surviving spouse, ⅜ths to the 14-year old daughter and ⅛th to the 17-year old daughter. The employer and his insurance carrier make no complaint relative to said award. They do, however, assert that since payment of the award was promptly tendered that they should not be required to pay interest thereon. The only person who complains of the award is the surviving spouse. Her complaint is limited to the contention that the facts fail to develop that the two minor daughters were dependents of the deceased within the purview of the Workmen's Compensation Act and for said reason that the Industrial Commission erred in awarding any portion of the award to the minor daughters.

On September 1, 1944, the mother of the daughters above referred to obtained a divorce from deceased in the District Court of Oklahoma County, Oklahoma. In the divorce decree, deceased was directed to pay $70 a month toward the support of his daughters while in military service and $120 a month upon being discharged from service. The $70 monthly payments were made while deceased was in service. Following his discharge from service the decree as to child support was modified to provide child-support payments of $21 a week. With the exception of the period that deceased was in military service, he did not fully comply with the child-support portion of the decree. He did, however, make payments to the

mother of the children for the benefit of his daughters and also made gifts to the daughters. It appears, however, that during the last five years of his life he failed to contribute to the support of his daughters. At and prior to deceased's death his two minor daughters were in need of his support.

The provisions of the Workmen's Compensation Act directly bearing on the issue presented by this appeal are 85 O.S.1951 §§ 3.1(1) and 48(c):

"(1) The term 'Dependent' or 'Dependents,' as used in this Act, shall mean and include the heirs at law of the deceased, as defined by the Descent and Distribution Statutes of Oklahoma."

"(c) If there be a surviving wife (or dependent husband) a surviving child or children of the deceased under the age of eighteen (18) years or a dependent blind or crippled child or children of any age, one-half shall be payable to the surviving wife (or dependent husband) and the other half to the surviving child or children."

The contention was made and rejected in Industrial Const. Co. v. State Industrial Commission, Okl., 266 P.2d 976 that the Industrial Commission erred in awarding death benefits to the 14-year old son of the deceased employee. In the cited case the deceased had not been ordered to pay child support in a divorce decree rendered in a case instituted by the minor son's mother. The deceased employee nevertheless contributed in part to said son's support. We there held that the minor son was a dependent of the deceased employee and was entitled to receive the maximum death benefit award there made.

In Woods County v. Tucker, Okl., 312 P.2d 452, the deceased employee was divorced from the mother of his minor son to whom death benefits were awarded. The award made the minor son was sustained without discussion of the issue presented by this appeal.

The question of right of minor children of divorced parents to receive an award under the Workmen's Compensation Law has been the subject of annotations in 8 A.L.R. 1113 and 13 A.L.R. 729. In Pacific Gold Dredging Co. v. Industrial Accident Commission, 184 Cal. 462, 194 P. 1, 3, 13 A.L.R. 725, an award was made for the minor son of divorced parents. In rejecting the contention that since the deceased father had failed to support the minor son the son was not a dependent, the court had this to say:

"* * * Both a legal and moral obligation rests upon a father to support his minor children. And while, as between himself and third parties, that obligation may be shifted in proceedings of divorce or guardianship, and he may by misconduct forfeit his right to the custody of his child, it may be doubted if by such proceedings, to which he is not a party, a minor can be deprived of his natural right to turn to his father for maintenance, if the substituted source of supply fails. It has been held that such right to look to a father for maintenance cannot be taken from the infant by contract between the parents (Fernandez v. Aburrea, 42 Cal.App. 131, 183 P. 366), and it certainly would be a reproach upon the law if a father, by his own misconduct making him an unfit custodian of the child, could absolve himself from legal responsibility for its support. * * *."

In Ocean Accident & Guarantee Corp., Ltd. v. Industrial Commission of Arizona, 34 Ariz. 175, 269 P. 77, minor children of divorced parents were held dependents of the father notwithstanding the father left the jurisdiction of the court and refused to pay the order entered for child support until forced to do so by the court.

■ The State Industrial Commission was authorized under the Workmen's Compensation Act to make the award for the dependent children.

■ The insurer has filed a memorandum and statement which is in the nature of a request that no interest be allowed on the award as made for the reason that both in

the Industrial Commission and in this Court it has tendered full compliance with the order and award and at all times has made no resistance to liability. We are of the opinion that the award should be free from interest.

Award sustained.