John J. SMITH, Petitioner,

v.

CITIES SERVICE OIL COMPANY and State Industrial Court of the State of Oklahoma, Respondents.

No. 41918.

Supreme Court of Oklahoma.

June 27, 1967.

Paul Pugh and Al Pugh, Oklahoma City, for petitioner.

J. E. Jarvis and Garrison, Preston, Preston & Brown, Bartlesville, Charles R. Nesbitt, Atty. Gen., for respondents.

BLACKBIRD, Justice.

This case is a sequel to Smith v. State Industrial Court, Okl., 408 P.2d 317. As shown by this court's opinion in that case, the State Industrial Court, sitting en banc, entered an order on December 17, 1963, affirming an award of workmen's compensation previously entered by one of its judges in favor of John J. Smith, as respondent. Thereafter, on January 6, 1964, said Industrial Court purported to vacate said award on said respondent's "petition for rehearing." Thereafter, a review of that court's proceedings was sought in this court's Cause No. 40839, upon a petition filed by said claimant, and an "alternative" cross-petition filed by said respondent. By the cited opinion, promulgated November 16, 1965, this court ordered reinstatement of said Industrial Court's order of December 17, 1963. Thereafter, on December 8, 1965, said Industrial Court entered an order spreading this court's mandate in Smith v. State Industrial Court, supra, of record in that court. The order also prescribed "that interest, as required by law, be paid by respondent on said award." Thereafter, on December 14, 1965, said Industrial Court, apparently without notice to the parties, and on its own motion, entered an order entitled

"ORDER NUNC PRO TUNC" purporting to "correct" its mandate order of December 8, 1965, by deleting from it the above quoted part that prescribed payment of interest on the award.

At some later time, the date of which does not appear, the respondent paid what is referred to herein as the "principal amount" of the award. Thereafter, on February 4, 1966, the claimant filed in the Industrial Court a pleading entitled: "MOTION FOR EXECUTION AND DETERMINATION OF INTEREST DUE ON AWARD". Said motion stated that respondent had refused claimant's demand for the payment of interest on the award, and asked said court "to enter its order on execution" for said unpaid interest, and that claimant be authorized "to file such an award in the office of the Court Clerk of any County of this State * * *". The Industrial Court thereafter entered an order denying said motion; and claimant instituted the present proceeding in this court to review this latter order.

Respondent urges us to dismiss this proceeding for lack of jurisdiction, because claimant filed no action in this court to review the Industrial Court's nunc pro tunc order of December 14, 1965. It contends that under Title 85, O.S.1961, § 29, said order became final when more than 20 days had elapsed after copies of it had been sent to the parties, without claimant commencing an action in this court for its review; and that, by later filing his motion for execution and determination of interest, and commencing the present action to review the order denying it, claimant is merely attempting to circumvent § 29 and obtain our review, as to the interest question, in an untimely and unauthorized manner.

█ In support of its position, respondent cites A. J. Mills v. W. E. Logan & Sons, Okl., 281 P.2d 175, and other cases. It will be noted, that in the cited case, this court recognized previous decisions holding that § 29 "has no application to decisions or awards which are void on their face"; but we carefully pointed out that the order there involved (of March 10, 1952) was not such an order. Here, the order nunc pro tunc, if interpreted as precluding the claimant's award from bearing interest, would be void on its face, as contrary to the provisions of Tit. 85, O.S.1961, § 42, which provides, in part, as follows:

> "* * * Any compensation awarded and all payments thereof directed to be made by order of the Commission shall bear interest at the rate of 6% per annum from the date ordered paid by the Commission until the date of satisfaction thereof. * * *."

Such order, being void on its face, could not be res judicata of any right to interest on said award, and constituted no bar, nor impediment, to claimant's having said right determined by a later order, and then commencing his action in this court to review the latter within the statutory period thereafter.

Under its Propositions numbered "3" and "2", respondent contends, in substance, that claimant's award of December 17, 1963, cannot bear interest from any date earlier than November 16, 1965, when this court's opinion in Smith v. State Industrial Court, supra, was promulgated, because, in view of the wording of § 42, supra, such awards bear interest only "* * * from the date ordered paid by the Commission * * *".

Respondent takes the position that there was no final award to pay, until this court's said opinion was promulgated, because between December 30, 1963, and January 6, 1964, said award was on rehearing in the State Industrial Court en banc, and, between the time of its vacation on the latter date, and until this Court's opinion of November 16, 1965, there was no award in effect, that could be paid. They also cite the Missouri case of State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis (St.L. Ct. of App.) 115 S.W.2d 513, 515, in support of further argument that, since it was

the claimant who instituted the action for review of the award in Smith v. State Industrial Court, supra, he is not entitled to interest during the period that review proceeding was pending in this Court. It is argued that: "If a claimant can make six (6%) percent on an award while his appeal is pending there would be nothing to prevent every successful claimant from appealing his award in order to make a very good return on his money."

The answer to respondent's argument that the award of December 17, 1963, could not bear interest between the date of the State Industrial Court's order of January 6, 1964, vacating it, and the promulgation of our opinion reinstating the award, is twofold. First, the Industrial Court's order of vacation was void. After it was entered (as we said in Smith v. State Industrial Court, supra, 408 P.2d p. 322) " * * * the attributes of finality", with which the award of December 17th was clothed, remained "unimpaired and unaffected * * *". That part of the award, which, under the wording of the order establishing it, was due as of the date of said order, was, under § 42, supra, entitled to bear interest from that date—all during the period that the action in this court to review it, was pending. In connection with the latter, see Special Indemnity Fund v. Horne, Okl., 276 P.2d 240. And, we do not think this is affected by the identity of the party that instituted the appeal, or action for review. While, in the cited case, this court, in concluding that awards bear interest while on appeal, expressed the opinion that they are analogous to judgments in that respect, we have held that a party liable for payment of an award may preclude it from bearing interest, by tendering full compliance with it and making no resistance to liability thereunder. See Sipes v. Sipes, Okl., 335 P.2d 640. With this method available to a respondent, of

precluding the accrual of interest on an award, the consideration mentioned by the court in State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis, supra, that the court rendering a judgment cannot note "satisfaction of it on its records so long as" an appeal therefrom is pending, loses its force.

Under the Sipes case, supra, if, when the claimant in the present case filed his petition for the review of his award of December 17, 1963, in Cause No. 40839, or Smith v. State Industrial Court, supra, respondent had tendered compliance with the awarding order, then said award would not have borne interest during the pendency of that case in this court; but, instead, it filed what it termed an "alternative" cross petition for review, and, on the same date (January 9, 1964) filed a supersedeas bond, which presumably complied with Tit. 85, O.S.1961 and 1963 Supp. § 29. Said section requires that such a bond be an undertaking to pay, in addition to the amount of the award, "interest thereon at the rate of ten (10) percent per annum from the date of the award by the Trial Judge and all costs of the proceeding * * *".

In accord with the foregoing, the order of the State Industrial Court, which is tacitly conceded to have had the effect of denying claimant interest on the award of December 17, 1963, is hereby vacated, and this cause is remanded to said Court with directions to enter an order directing respondent to pay claimant interest on the principal amount of said award then due, and all other portions of said award from the date they were due under said order, at the rate of 10% per annum from December 17, 1963, or other due date, until such amounts were, or are, paid.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BERRY, LAVENDER and McINERNEY, JJ., concur.