T. S. DAVIS, Administrator of the Estate of Carl Samuel Davis, Petitioner,

v.

GUSTINE CONSTRUCTION COMPANY, Casualty Insurance Company of California and the State Industrial Court, Respondents.

No. 42448.

Supreme Court of Oklahoma.

Sept. 10, 1968.

Harley E. Venters, Oklahoma City, for petitioner.

Bill Pipkin, Moore, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, G.

T. Blankenship, Atty. Gen., for respondents.

WILLIAMS, Justice.

There is involved here for review the portion of an award of the State Industrial Court allowing attorney fees in a death action.

Carl Samuel Davis was killed instantly while working at a hazardous employment for the respondent Gustine Construction Company near Meeker, Oklahoma, on January 10, 1967. The death claim arising out of his death was uncontested by the respondent.

The deceased was unmarried at the time of his death and left no surviving widow.

In 1960 or earlier, the deceased married Barbara Ann Claypool. Of this union one child, Mickey Carl Davis, was born on January 5, 1961. The mother, Barbara, was killed in an automobile accident approximately four and one-half months after the birth of Mickey. Since his mother's death, Mickey has lived in the home of Thomas S. Davis, the father of the deceased, at all times. The deceased furnished funds for the support of Mickey and was doing so at the time of his death. The deceased lived a part of the time in the home of his father.

After the death of Barbara the deceased married Vicki Trout. Of this union a daughter, Shandi Luhjuan Davis, was born on November 6, 1963. The marriage was terminated by divorce on November 30, 1964. Vicki was awarded the custody of Shandi and deceased was required to pay $50.00 each month for the support of Shandi Luhjuan. He made the payments up to the time of his death.

The parties agree that Mickey and Shandi were both dependent upon the deceased for support, are his sole heirs and that the death award should be divided between them.

On January 19, 1967, Vicki Davis, as mother and next friend filed her Form 3 listing as heirs of the deceased, Mickey and Shandi and listing their post office addresses. On March 6, 1967, Vicki Davis was appointed legal guardian of Shandi Davis.

On January 27, 1967, Thomas S. Davis was appointed administrator of the estate of the deceased and on January 30, 1967, was appointed legal guardian of Mickey Davis. On January 31, 1967, Thomas S. Davis, administrator of the estate of Carl Samuel Davis, filed his Form 3–A listing as heirs of the deceased, Mickey Carl Davis, Wilson, Oklahoma, and Shandi Davis (no address listed).

After trial, the trial court entered an award as follows:

"IT IS THEREFORE ORDERED that the $13,500.00 award provided by law be paid to the Administrator of the estate of deceased, namely T. S. Davis, with directions that said Administrator shall distribute said award as follows: $5487.50 to himself as the legal guardian of Mickey Carl Davis, for the use and benefit of Mickey Carl Davis; $1262.50 to Harley E. Venters and Ernest W. Tate as a fair and reasonable attorney fee herein. $5487.50 to Vicki Trout Davis as the legal guardian of Shandi Luhjuan Davis, for the use and benefit of Shandi Luhjuan Davis; $1262.50 to Bill Pipkin as a fair and reasonable attorney fee herein."

No appeal was prosecuted to the State Industrial Court, sitting en banc. This appeal is prosecuted direct from the award entered by the trial judge.

Petitioner contends that Vicki Davis as mother, next friend and legal guardian of Shandi Davis, is not a proper claimant before the Industrial Court and no attorney fee should be allowed her attorney. He seeks to have this portion of the award vacated and the money distributed equally to the guardians of the minor children. He argues that the only proper claimant before the State Industrial Court was the administrator of the estate of the deceased.

Under the provisions of the Oklahoma Workmen's Compensation Act an award for death of a workman, "shall be payable

* * * to the dependents of the deceased employee as defined herein." 85 O.S.1961, § 22(7). The term dependent or dependents "shall mean and include the heirs at law of the deceased as defined by the Descent and Distribution Statutes of Oklahoma." 85 O.S.1961, § 3.1(1).

■ Surviving minor children of a divorced workman living apart from him at the time of his death, but dependent upon him, are proper parties claimant in proceedings before the State Industrial Court arising out of his death. Sipes v. Sipes, Okl., 335 P.2d 640.

The death proceedings in the present case were initiated on January, 19, 1967, by the filing of a claim on behalf of Shandi Luhjuan Davis, surviving minor daughter of the deceased, by her mother and next friend Vicki Davis.

■ Vicki Davis as mother and next friend was legally justified in filing and prosecuting such claim, and employing attorneys for such purpose. 12 O.S.1961, § 226; Ross v. Bryant, 90 Okl. 300, 217 P. 364; Hill v. Reed, 23 Okl. 616, 103 P. 855. She quite properly, in the claim, listed Mickey Davis as an heir, furnishing his post office address. As above shown, she was thereafter appointed legal guardian of Shandi on March 6, 1967.

Recited hereinabove is the statement that after Thomas S. Davis was appointed administrator of the estate of deceased and after he was appointed legal guardian of Mickey Davis he, on January 31, 1967, as administrator filed a death claim naming the two children of the deceased as his heirs.

■ Thomas Davis, as administrator of the estate of the deceased, was authorized to file the death claim. In doing so he acts only in a nominal capacity as representative of the claimants. Indian Oil Tool Company v. Thompson, Okl., 405 P.2d 104; Sinclair Oil & Gas Company v. State Industrial Commission, Okl., 338 P.2d 866; Willis v. Capitol Well Servicing Company, Okl., 285 P.2d 388. The recovery made on a death award is not an asset of the estate of the deceased. Sinclair Oil & Gas Company v. State Industrial Commission, supra.

The administrator is a mere stakeholder and is assumed to be neutral if a contest develops between the respective claimants. Contests between claimants sometimes do occur.

In Sipes v. Sipes, supra, the contest was between the surviving widow and three daughters of the deceased by a former marriage. The court divided the award between the widow and two daughters. The claim of the third daughter was denied.

In Willis v. Capitol Well Servicing Company, supra, an administrator was appointed for the estate of a deceased workman. The surviving widow and the daughter of a former marriage filed separate claims for benefits. The State Industrial Commission allowed the widow $3,000.00, the surviving daughter $9,500.00, and attorney fees of $1,000.00 to be divided equally between the attorneys for each party. We affirmed.

There is no contest between the guardians of the respective minors in the present case but the possibility of a contest existed at all times. The minors lived in separate homes. They were the children of separate marriages.

■ The State Industrial Court has exclusive jurisdiction over the allowance of attorney's fees to attorneys appearing before the court and the allocation of fees to several attorneys where more than one attorney participates in the hearing. The division of fees and the amount to be paid is solely within the discretion of the State Industrial Court and its findings will not be disturbed by this court on appeal in the absence of a clear abuse of discretion which, in our opinion, does not exist here. Willis v. Capitol Well Servicing Company, supra.

The award of the State Industrial Court is sustained.

All Justices concur.