**Linda Elizabeth CAMPBELL, Petitioner,**

v.

**The STATE INDUSTRIAL COURT
et al., Respondents.**

**No. 45607.**

Supreme Court of Oklahoma.

Feb. 19, 1974.

Allan H. Stocker, Bassett, Stocker & Laughlin, Bartlesville, for petitioner.

C. W. Schwoerke, Schwoerke & Schwoerke, Oklahoma City, for respondents.

HODGES, Justice.

This is an original proceeding to review an en banc order of State Industrial Court apportioning statutory death benefits between dependents, the surviving spouse (second wife of decedent) and a minor son by a prior marriage. The principal issue is whether an order awarding a lesser amount to the widow than was awarded the minor son was erroneous and constituted an abuse of discretion requiring vacation of the award. Also involved is the question of whether sufficient tender was made by respondent insurance company to prevent payment of interest on the award, and error is further alleged because the hearing was held in Oklahoma County despite the election of the surviving widow under 85 O.S.1971 § 77(8), that the hearing be held in Tulsa County.

Fred Norris Campbell, Jr., decedent, was killed Spetember 7, 1971 when a television tower on which he was working collapsed. The accident occurred before the amendment increasing death benefits became effective. Therefore, the applicable death benefit under 85 O.S.1970 Supp. § 22(7)(A) is $14,000.00.

There are no issues concerning employment, accidental injury and resulting death, financial responsibility, or jurisdiction of State Industrial Court. Respondent's answer put in issue only the question of dependency.

The only surviving legal dependents are the widow, petitioner, and a five year old son by prior marriage, represented by his natural mother as appointed guardian in this proceeding. Decedent had been paying $100.00 monthly for the support of his minor son since September, 1968, pursuant to a divorce decree. The evidence disclosed that decedent had contributed $500.00 monthly to the support of the widow since their marriage. Her dependency was stipulated to by the attorney of guardian.

Petitioner initiated this proceeding by filing Form 3A, showing herself and the minor child as dependents. She elected to have the cause heard in Tulsa, Oklahoma, the county of her residence. The motion was denied and the matter was heard in Oklahoma City, Oklahoma.

The trial judge's order of December 20, 1971 awarded $4,000.00 to petitioner and $10,000.00 to the minor, both awards less attorney's fees. On appeal to the court en banc this order was modified to allow petitioner $6,000.00.

Petitioner contends that: the award constituted an abuse of discretion, requiring the order to be vacated, and that the total award should be apportioned between legal dependents upon the basis of pecuniary loss disclosed by the evidence. We agree.

The surviving widow, a high school graduate without special qualifications for employment, married decedent in November, 1969, when eighteen years of age. During this marriage deceased's annual income was approximately $20,000.00, and petitioner was entirely dependent for support. The parties owned an unencumbered 1970 model automobile, and a mobile home bearing $9,500.00 encumbrance, no further value being shown. Petitioner had applied for social security benefits and had received the customary burial benefits, but owed $2,670.00 funeral expenses. She also received $11,000.00 life insurance benefits from decedent.

Other evidence showed the minor child would receive $206.90 monthly social security benefits until age 18, or longer if a student. Both the minor's mother and step-father were employed with a combined income of approximately $1,150.00 monthly. The mother pays $20.00 weekly for the minor's nursery care, made necessary because of her employment.

Petitioner relies on Willis v. Capitol Well Servicing Co., 285 P.2d 388 (Okl. 1955). Therein this court held, that:

"In a proceeding to recover the death benefits provided by the Workmen's Compensation Law, the State Industrial

Commission should apportion the award among the persons beneficially entitled thereto in proportion to their respective pecuniary losses resulting from the death of employee."

■ Dependency of both petitioner and the minor was established. The only specific criterion for apportioning death benefits between dependents involves determination of pecuniary loss. This does not mean, however, that present pecuniary loss must be the exclusive criterion. The extent of pecuniary loss suffered fairly may be determined by giving some consideration to future need, measured against what can presently be substituted for a dependent's loss resulting from the employee's death.

To support an award to the minor son which exceeded an award to the widow, the Industrial Court had to find that the pecuniary loss of the minor son exceeded the pecuniary loss of the widow. We find no evidence to support this finding of fact.

■ Where no evidence supports material fact in issue before Industrial Commission, it becomes one of law, which when properly presented will be determined by Supreme Court on review. Coca-Cola Bottling Co. v. Mowry, 167 Okl. 644, 31 P.2d 562 (1934). Cameron Coal Co. v. Collopy, 102 Okl. 207, 228 P. 1100 (1924).

■ The award of the court is therefore modified to be apportioned in equal amounts to the surviving widow and to the minor son.

■ An award based on a material finding of fact, unsupported by competent evidence, is unauthorized and will be vacated by the Supreme Court as a matter of law. Oklahoma City v. Newell, 428 P.2d 281, 283 (Okl.1967); Herb Bannister Plumbing Co. v. Dreadin, 395 P.2d 645, 646 (Okl. 1964); Dierks Lumber & Coal Co. v. Dean, 199 Okl. 507, 187 P.2d 993 (1947).

■ Petitioner also alleges that her election to have the hearing held in Tulsa County, under provision of 85 O.S.1971 §

77(8), was binding and required all future hearings to be held in the county designated by petitioner. Subdivision 3 of this statute, empowers transfer of the cause to a county other than designated by claimant, if the court or trial judge deems this necessary to proper and prompt adjudication of the claim. See Dierks Lbr. & Coal Co. v. Holmes, 201 Okl. 545, 207 P.2d 935 (1949). No error was committed by conducting the hearing in Oklahoma County.

■ It is also asserted by the widow that interest should run on the award. Upon hearing (Dec. 20, 1971) of this case respondents stipulated to liability for payment of total death benefits. The case was heard only for purpose of determining dependency and apportioning death benefits. An order entered December 29, 1971 adjudicating dependency and distribution of the award. At this point respondents had no further interest in the case, other than payment in accordance with the order. Ultimate liability having been encompassed within the court's final order, no further proceeding could increase or diminish extent of that liability, absent appeal by respondents. Being only a nominal party, or stakeholder, in all further proceedings nothing remained for respondents except to pay over amount of death benefits in conformity with any final order entered.

Procedural steps initiated to permit satisfaction of the award were ineffectual. At least two efforts were thwarted by claimant's refusal because no "tender" had been made. Apparently refusal evolved from Claimant's interpretation of Sections 29, and 42 of the Act, supra. Reference to these statutes discloses these provisions deal exclusively with finality and enforcement of awards. No language therein can be reasonably construed as delineating a method or manner for tendering the amount of an award. For definition of tender, and when requirement of tender is waived, see Davidson v. Rogers (Okl.) 471 P.2d 455; Alfrey v. Richardson, 204 Okl. 473, 231 P.2d 363.

This matter has been considered in Sipes v. Sipes et al. (Okl.) 335 P.2d 640, and Smith v. Cities Service Oil Co. (Okl.) 429 P.2d 777. In Sipes respondent "tendered" full compliance with the order and, as in the present case, the issue review concerned only apportionment of the award between dependents. The insurer did not resist liability and the litigating dependents confessed interest should not be charged on the award.

In Smith, supra, the syllabus recited tender of compliance as prerequisite to avoiding interest being charged against an award. However, no authority is advanced as basis for making tender, or prescribing method by which this shall be accomplished. Each decision accepts tender of compliance with an order as basis for finality of an insurer's obligation without stating authority therefor, or definitive statement as to manner of accomplishment.

The foregoing, and cases discussed, point up two facts: (1) existing statutes do not prescribe authority for, or means of making tender of an award; (2) decisional law has recognized a good faith offer of full compliance with an order awarding compensation provides grounds for avoidance of statutory interest being charged. Although without statutory authority, purely equitable grounds are sufficient basis for our conclusion. Where an employer/insurer admits liability and has no further interest in a proceeding for death benefits except as a stakeholder, and to pay the total award in compliance with a final order, interest is not chargeable against the award. The award entered in this case should be free from interest.

The cause is remanded to the Industrial Court to enter orders as herein expressed including attorney fees.

BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN and LAVENDER, JJ., dissent.

IRWIN, Justice (dissenting).

I respectfully dissent to that part of the majority opinion modifying the State Industrial Court's order apportioning the award for death benefits.

I concur in that part of the opinion that interest is not chargeable against the award.

I am authorized to state that Chief Justice DAVISON, Vice Chief Justice WILLIAMS, and Justice LAVENDER concur in the views herein expressed.