**CITY OF OKMULGEE, a Municipal Corporation, Petitioner,**

**v.**

**Paul SMITH and the State Industrial Court of the State of Oklahoma, Respondent.**

**No. 49343.**

Supreme Court of Oklahoma.

Nov. 9, 1976.

Bill Barksdale, Okmulgee, for petitioner.

Ash & Shamas by Edwin W. Ash, Okmulgee, for respondent.

DAVISON, Justice:

On November 3, 1972 Paul Smith, respondent, hereinafter referred to as claimant, while working for the petitioner as a laborer, injured his back while lifting a fire escape. Following this injury, claimant returned to his employment in February, 1973, and continued to work until Feb-

ruary, 1974, at which time he was laid off because of being unable to do his work.

When he returned to work in 1973, he had been placed on a 30 pound lifting restriction by Dr. M., the treating physician for petitioner.

As a result of this injury, under Form 14 Settlement Agreement, claimant was awarded 15% disability to the body as a whole by order of the Industrial Court dated December 30, 1974. At the time this order was made, claimant was hurting in his back at and below the belt line, with pain in his legs "off and on."

On July 25, 1975, claimant filed a motion to reopen his claim on the grounds he had suffered a change of condition for the worse since the order of December 30, 1974.

On January 15, 1976, a trial judge of the Industrial Court found that since the order of December 30, 1974, claimant had suffered a change in his condition for the worse as a result of the original injury and found that he was now temporarily totally disabled and in need of additional medical treatment and awarded him additional compensation.

City of Okmulgee, hereinafter referred to as petitioner, brings this original action for a review of the trial court's order and for vacation of same and advances the following contentions:

"(1) That the State Industrial Court was without jurisdiction to reopen the captioned cause and conduct the hearing of the same in Tulsa County, Oklahoma, absent the conditions precedent required by 85 O.S.1939 § 77 (Eighth).

(2) That petitioner's special attorney of record in said cause was not given notice of the hearing on motion to reopen.

(3) There was no competent evidence that respondent Smith needed or desired further medical treatment.

(4) That the State Industrial Court made no findings of fact as to the extent of respondent's change of condition for

the worse and there was no competent evidence upon which any award could be made."

The contentions will be considered in the order named.

■ As to petitioner's first proposition, we hold that the Industrial Court had jurisdiction to hear the matter in Tulsa County. The Industrial Court already had jurisdiction of the matter by reason of the original order made on December 30, 1974. Then subsection (3) of the Eighth section of 85 O.S.1939 § 77 provides that the Commission or trial Commissioner (now court) may upon its own motion transfer the cause to some other county other than the county designated by the claimant when such transfer is necessary to the prompt adjudication of the claim. Here the trial court transferred the hearing to be held in Tulsa County rather than Okmulgee County.

This was a hearing on change of condition. Oklahoma City and Tulsa are the only cities where the Industrial Court sits regularly. The trial judge evidently concluded that claimant was entitled to a prompt trial which no doubt would have been delayed if the hearing was to be held in Okmulgee at a somewhat speculative later date. Also see *Dierks Lumber & Coal Co. v. Holmes,* 201 Okl. 545, 207 P.2d 935.

It will also be noted that the record fails to show that the attorney for petitioner ever objected to the hearing being held in Tulsa.

There was no error in setting the hearing in Tulsa.

■ In answer to respondent's second objection, we note that it was admitted that proper notice of the hearing was timely given to the regular City Attorney of Okmulgee. Surely the City Attorney notified petitioner's special attorney of the hearing, as the special attorney appeared at the hearing and was given two weeks time to have the claimant examined by his chosen doctor. This examination was accomplished and no objection was made to the

hearing proceedings and the special attorney fully participated in the hearing.

There was no prejudice shown relative to notice.

■ Petitioner's contentions numbered 3 and 4 are closely related and will be treated together.

Claimant testified that at the hearing in December, 1974, he had pain coming out of the lower part of his back into both legs, down to his ankles "off and on." That at the time of this hearing, his original injury had become progressively more severe; that his back now hurts on both sides of his spine; that since the 1974 hearing, his neck began to hurt and he cannot keep it straight; that his face hurts and he has been having headaches and stomach illness; that since the 1974 hearing, he began to have numbness in both hands and occasionally they "go plum dead" and "they are weak, I can't grip, just ain't no strength in them."

Claimant further testified under questions and answers as follows:

(By Mr. Ash) Q. "I sent you to Dr. S. He has seen you on two different occasions, I believe, has he not?

A. I believe that is right.

Q. Has he suggested to you that you should have surgery?

A. Yes sir.

Q. Would you be willing to take surgery if it were offered to you?

A. To get rid of this mess. I ain't doing no good."

Dr. S. who gave claimant a complete physical examination in July, 1975, stated that after his examination, coupled with his review of the previous x-rays and the reports from various physicians who attended claimant, he found that claimant was temporarily and totally disabled from the performance of ordinary labor as a result of a change in condition for the worse, resulting from the original injury.

That the changes for the worse were in both the back and the neck. Dr. S. strongly recommended that claimant have further treatment "by way of hospitalization and the prospect of possible surgical intervention in the low back area."

Dr. S. reexamined claimant in November, 1975, and again found claimant to be temporarily and totally disabled and again recommended "that further therapy consisting of surgery be utilized to stabilize the low back."

Dr. M. for petitioner, stated that he reexamined claimant on December 5, 1975, and again found him to have only a 10% disability to the body as a whole. This doctor however reported that, "On his X-ray also it should be noted that there are marked degenerative changes at L–5, S–1. I find no evidence of any Marie-Strumpell's bamboo spine on his x-rays, although with his multiple complaints, it is a possibility."

From the evidence, the trial court was justified in finding that claimant had suffered a change of condition for the worse since the order of December 30, 1974, and finding that claimant was now temporarily totally disabled and needed further medical treatment, and ordering petitioner to continue the payment of compensation to claimant during his temporary total disability, not to exceed 300 weeks or until further order of the court.

■ Where there is competent medical evidence reasonably supporting the Industrial Court's finding on a question of fact, the award based thereon will not be disturbed on review. *State Highway Department v. Rhine,* Okl., 411 P.2d 548; *Avco Corporation v. Swartzlander,* Okl., 470 P.2d 340.

The award made by the trial court was based on sufficient competent evidence to determine the extent of claimant's change of condition for the worse.

ALL THE JUSTICES CONCUR.