**Albert E. BOND, Petitioner,**

v.

**FOX BUILDING SUPPLY, St. Paul Insurance Co., and the Oklahoma Workers' Compensation Court, Respondents.**

**No. 72400.**

Supreme Court of Oklahoma.

Feb. 11, 1992.

10. *Potter v. State,* see note 1, supra.

Jamie Pitts, Lawter & Pitts, Inc., Oklahoma City, for petitioner.

John A. McCaleb, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for respondents.

DOOLIN, Justice.

In 1977 Petitioner, Albert E. Bond ("Claimant") filed a Workers' Compensation claim, was adjudicated permanently disabled due to the loss of both his legs and was awarded compensation. That award was not appealed and has long since become final.

On July 21, 1987, claimant filed his Form 9 in which he made application to the Workers' Compensation Court for an order that his former employer, and employer's insurer, ("Respondents") provide him continuing medical treatment. Specifically, the application requested that respondents be ordered to pay for the replacement of claimant's two artificial legs due to changes in his physical condition and because of normal wear and tear on the prosthetic devices.[1] Employer contested the application by arguing the legs should be repaired instead of replaced with new ones and a hearing was held. After the hearing, the court entered an order approving claimant's application and ordered respondents to buy new artificial legs. This order was not appealed and is final. Respondents have complied fully and have purchased new prostheses for claimant.

After the entry of the order approving claimant's application, claimant's lawyer filed an application for an award of attorney fees. The ground for this request was the contention that respondents had acted unreasonably in denying claimant's application for replacement prostheses. The trial court took written briefs on the issue, conducted a hearing and denied an award of attorney's fees. The denial was appealed to the Workers' Compensation Court en banc, which affirmed the denial, whereupon the case was appealed and assigned to the Court of Appeals.

The Court of Appeals reversed, finding the denial of fees to have been an abuse of discretion under the circumstances. That court also found there should be an additional award of attorney fees for appellate review and remanded the matter to the trial court for a determination of the amount of those additional fees. Upon petition of respondents, this Court granted certiorari to review the decisions of the Court of Appeals.

Respondents argue that the Court of Appeals should not have overturned the ruling of the trial court because the award or denial of attorney fees in Workers' Compensation cases is a decision within the sound discretion of the Workers' Compensation Court, and in the absence of an abuse of such discretion, that court's order should not be disturbed.[2] The question is whether the denial of fees by the trial court was an abuse of discretion.

In order to determine if an abuse occurred it is necessary to examine the proceedings on the claimant's application, even though the order approving that application is not before us on any allegation of error.

The responsibility for providing prosthetic devices to an injured worker is defined in 85 O.S.1981, § 15, which says, in pertinent part:

---

1. The Workers' compensation Court has continuing jurisdiction to modify its final orders in cases of a motion to reopen for medical expenses. 85 O.S.Supp.1988, § 14.

2. *Chamberlain v. American Airlines,* 740 P.2d 717, 719 (Okl.1987); *Davis v. Gustine Construction Co.,* 445 P.2d 260, 266 (Okl.1968).

Where a compensable injury results in the loss of one or more eyes, teeth or limbs of the body, the employer shall furnish such prosthetic devices as may be necessary as determined by the Court in the treatment and the rehabilitation of the injured workman.

To be applied to the instant case, this statute needs little interpretation. It is clear that once an injury to a worker is adjudicated as a compensable one it is the responsibility of the employer to furnish the necessary prosthetic devices. Under an employer's obligation to provide post-award medical treatment,[3] a claimant may timely move to reopen a claim for the purposes of obtaining replacement or repair of prostheses. Provided the motion is timely and otherwise proper, the trial court may grant a claimant's request *so long as such repair or replacement is found to be necessary.* This latter consideration bears directly on the issue now before the Court.

The above-quoted portion of § 15 obviously contemplates action by the trial court to determine whether a prosthetic device is necessary. Such a determination would ordinarily occur in the initial adjudication of a claim. Given, however, that a claimant may, under the proper circumstances, reopen the claim to seek replacement or repair, it only follows that there is still a statutory requirement for a determination of necessity by the Workers' Compensation Court. Such a requirement implies a hearing, and the fact of a hearing implies that an employer may present evidence as to the necessity of the requested repair or replacement.

In the case at hand such a hearing was held and respondents presented evidence that claimant's artificial legs could be repaired rather than replaced. After considering all the evidence the trial court found it was necessary to replace the legs and once that order had been rendered it was complied with by respondents without protest or appeal. The issue which is before the Court to be decided is whether the acts of respondents in availing themselves of their statutory right to a hearing under § 15 amounts to the sort of conduct as would justify the assessment of attorney fees against them.

The Workers' Compensation Court has statutory power to assess the total costs of a proceeding for compensation against a claimant who has brought a claim or an employer who has denied benefits if the court finds the party's action not based on a reasonable ground.[4]

When requested by claimant to find that respondents had acted without reasonable ground, the trial court specifically declined to do so, and nothing in the record on appeal demonstrates an absence of such reasonable ground on the part of respondents. The record shows that claimant's experts estimated that the total cost to replace both artificial legs would be in excess of $25,000. Respondents presented expert opinion to the effect that the legs could be repaired at a lower cost rather than replaced. The trial court considered this competent though conflicting evidence and chose to give greater weight to that of claimant. To give preference to the position of one party does not necessarily imply that there is a lack of merit in the position of the other. Such a decision without more, does not mean the trial court found respondents' position to have been unreasonable as that term is used in the statute on costs.

Given the absence of grounds to award attorney fees under § 30, the denial of such fees was not error unless some other justification for them can be demonstrated. The justifications for awarding attorney fees under the venerable "American Rule" are well known: Attorney fees are not recoverable by a prevailing party in the absence of a statute or a contractual provision authorizing such recovery.[5] The only exception to this rule is the one which

---

3. 85 O.S.1981, § 28; *Bill Hodges Truck Co. v. Gillum,* 774 P.2d 1063, 1066·(Okl.1989).

4. 85 O.S.1981, § 30.

5. *Smith v. State, ex rel. Dept. of Human Services,* 788 P.2d 959, 961 (Okl.1990). *Chamberlain v. American Airlines, supra,* at 720.

allows a court to make an award of fees when it finds a party acted in bad faith, vexatiously, wantonly or for oppressive reasons, or if the successful litigant has conferred a benefit on a class of persons.[6]

■ The record in the instant case supports the finding of the trial court that respondents did not act unreasonably within the meaning of 85 O.S.1981, § 30, and neither is there anything of record to support a finding of bad faith on the part of respondents. Therefore there is nothing herein to show that the trial court abused its discretion in denying an award of attorney fees.

The opinion of the Court of Appeals is VACATED and the order of the trial court SUSTAINED.

LAVENDER, SIMMS, HARGRAVE, and SUMMERS, JJ., concur.

KAUGER, J., concurs in part; dissents in part.

HODGES, V.C.J., and ALMA WILSON, J., dissent.

OPALA, C.J., disqualified.

---

6. *B & P Construction Co. v. Wells,* 759 P.2d 208, 209 (Okl.1988).