2002 OK CIV APP 11

**Richard LEACH, Petitioner,**

v.

**HAMILTON TRUCKING COMPANY, Compsource Oklahoma (Formerly State Insurance Fund), and The Workers' Compensation Court, Respondents.**

**No. 96,633.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 14, 2001.

Released for Publication Jan. 16, 2002.

Susan Jones, Wilson Jones, P.C., Tulsa, OK, for Petitioner.

Kristin Blue Fisher, Feldman, Franden, Woodard & Farris, Tulsa, OK, for Respondents.

Opinion by CAROL M. HANSEN, Chief Judge:

¶1 Petitioner, Richard Leach (Claimant), seeks review of a Workers' Compensation Court order denying his request that Respondents, Hamilton Trucking and Compsource Oklahoma (collectively Employer), be required to repair or replace his hearing aids. We find the Workers' Compensation Court erred and vacate its order.

¶2 In November 1992, the Workers' Compensation Court found Claimant had suffered compensable permanent partial binaural hearing loss. The court ordered that Employer "shall provide claimant with hearing aids." This was the sole finding in that order regarding hearing aids. It is uncontroverted that Employer paid for Claimant's hearing aids in February 1993, and that Employer made no additional payments with respect to Claimant's hearing aids, or for any medical maintenance, thereafter.

¶3 On February 22, 2001, Claimant filed a Form 13, Request for Prehearing Conference, indicating the purpose was "repair/replace hearing aids." Employer's Answer to this pleading listed "statute of limitations" as an affirmative defense. After a hearing on Claimant's request, the Workers' Compensation Court entered its order denying Claimant's request for repair or replacement of his hearing aids. Claimant seeks review of that order.

¶4 In its February 2001 order, the Workers' Compensation Court concluded:

THAT claimant's request for repair or replacement filed pursuant to a Form 13 in this claim is DENIED. The claimant must file a Form 9 requesting a reopening of his claim in order to obtain this relief. If the Court were to accept substance over form and consider claimant's Form 13 as a request to reopen his claim, the request was not timely filed under 85 O.S. § 43. Claimant's request is DENIED. (Emphasis in original).

¶5 The Workers' Compensation Court thus found Claimant was barred by the 300 weeks limitation period for a reopening request based upon a change of condition as set forth in 85 O.S. Supp.2000 § 43(C). A statute of limitations defense is treated as a true affirmative defense, and is not independently reviewed by this Court as a jurisdictional question. *Special Indemnity Fund v. Choate*, 1993 OK 15, 847 P.2d 796. If a Workers' Compensation Court determination on such a defense is reasonably supported by the evidence and not otherwise contrary to law, it will not be disturbed on review. *Id.*, at 804. As an affirmative defense, the burden of proof was on Employer to show Claimant's request was time-barred by the applicable statute of limitation. *Id.*

¶6 In support of its conclusion, the Workers' Compensation Court quoted the following from *Bond v. Fox Building Supply*, 1992 OK 19, 826 P.2d 599:

. . . a claimant may timely move to reopen a claim for the purpose of obtaining replacement or repair of prosthesis. Provided the motion is timely and otherwise proper, the trial court may grant a claimant's request so long as such repair or replacement is found to be necessary.

¶7 In *Bond*, the claimant sought review of a Workers' Compensation Court order denying his request for an award of attorney fees

following a successful application for replacement of two artificial legs. Replacement was due to changes in claimant's physical condition and wear and tear on the prostheses. The claimant asked for attorney fees, arguing the employer had acted unreasonably in asserting the prostheses should be repaired rather than replaced. The *Bond* Court held it had to examine the proceedings to determine if the Workers' Compensation Court had abused its discretion in denying attorney fees.

¶ 8 The *Bond* Court found an employer's obligation to provide prostheses in 85 O.S. 1981 § 15, which provides, in pertinent part:

Where a compensable injury results in the loss of one or more eyes, teeth or limbs of the body, the employer shall furnish such prosthetic devices as may be necessary as determined by the Court in the treatment and the rehabilitation of the injured workman.

¶ 9 The *Bond* Court determined under § 15 it was reasonable for the employer to litigate the necessity for replacing the prostheses and held the lower court was justified in refusing to award attorney fees. Although timeliness of the claimant's request to replace the prostheses was not in issue, the *Bond* Court also noted that "[u]nder an employer's obligation to provide post-award medical treatment [citing 85 O.S.1981 § 28 ], a claimant may timely move to reopen a claim for the purposes of obtaining replacement or repair of prostheses."

¶ 10 The Workers' Compensation Court here apparently finds *Bond* to be controlling. We disagree. Without citation of authority, or even reasoned argument, to support such a conclusion, the Workers' Compensation Court presumes hearing aids are prostheses within the meaning of the Workers' Compensation Act. To the contrary, § 15 of the Act, as quoted in *Bond,* limits prosthetic devices to those replacing "eyes, teeth or limbs of the body." We find no authority in this jurisdiction, either statutory or judicial, defining hearing aids as prostheses, or equating them to prostheses.

¶ 11 We find the more appropriate analogy under the facts here is that of continuing medical maintenance. The purpose of hearing aids is not to substitute for missing body parts as with prostheses, nor to improve a condition as with medical treatment, but to provide comfort while Claimant is maintaining his present condition. The latter defines continuing medical maintenance. *See, Baxter v. Montgomery Exterminating,* 1998 OK CIV APP 75, 962 P.2d 666.

¶ 12 Claimant is not seeking replacement of his hearing aids on the grounds his hearing has suffered a change of condition for the worse. Claimant testified he had previously had the hearing aids repaired at his own expense, but the last time he took them in he was told they could not be "fixed". There was expert evidence that Claimant had maintained the hearing aids for twice the average expected life, and would benefit from updated hearing aids. There is, however, no evidence Claimant is requesting replacement of the hearing aids because his hearing has changed for the worse.

¶ 13 Permanent disability is presumed to continue until proven otherwise. *Bill Hodges Truck Co. v. Gillum,* 1989 OK 86, 774 P.2d 1063. Once permanent disability is adjudged, an injured worker is entitled to medical treatment to improve his condition only upon establishing a change of condition for the worse pursuant to § 28. *Id.,* at 1066. On the other hand, an injured worker may be awarded continuing medical maintenance for as long as it may be needed if it is included in the order granting permanent partial disability. *Pitchford v. Jim Powell Dozer, Inc.,* 2000 OK 12, 996 P.2d 935.

¶ 14 Employer was directed to provide Claimant with hearing aids in the same order which found him to have a permanent partial hearing loss. Certainly implicit in such order is that it would remain in effect for as long as necessary to maintain Claimant at his hearing level at that time. As noted above, there was a presumption that Claimant's hearing impairment would continue indefinitely. An order to provide the needed hearing enhancement for a limited period would be of little usefulness. There was thus no need to reserve the issue of Employer's continuing obligation.

¶ 15 The requirement for employers to provide impaired employees with medical

care, including such "apparatus as may be necessary", is found at 85 O.S.1991 § 14. This obligation extends to medical attention the purpose of which is not to change a claimant's impairment, but to "provide him with more comfort in maintaining his present condition." *Baxter v. Montgomery Exterminating*, 962 P.2d at 670. In *Baxter*, the claimant had requested and was awarded prescriptions to deal with the post-award pain of his back impairment. Here, Claimant was awarded hearing aids to deal with the continuing complications of his permanent employment related hearing impairment. We find nothing to distinguish between the two.

¶ 16 The hearing aids are medical apparatuses coming within the statutory dictates of § 14. In *Baxter v. Montgomery Exterminating*, 962 P.2d at 671, the Court of Civil Appeals held the Legislature intended medical maintenance under § 14 to continue until there is a finding by the Workers' Compensation Court that it is no longer necessary. Therefore, continuing medical maintenance, once properly award, is no longer subject to the limitation periods set forth in § 43, but continues until the Workers' Compensation Court directs its discontinuance because it is no longer necessary.

¶ 17 Employer does not contend that Claimant no longer requires hearing aids to enhance his permanent hearing impairment, but rather asserts Claimant is precluded by § 43 from even requesting replacement of the hearing aids. That assertion is neither supported by the facts or the law.

¶ 18 Employer expresses concern that its obligation would continue indefinitely. Nevertheless, that is the law. Whether it is the best public policy is a matter for the Legislature. The Workers' Compensation Court's order is VACATED, and this matter is REMANDED to that court for further proceedings consistent with this opinion.

GARRETT, J., and BUETTNER, P.J., concur.