2002 OK CIV APP 50

**Melvin GREEN, Petitioner,**

v.

**HARSCO CORPORATION, and The Workers' Compensation Court, Respondents.**

**No. 96,602.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Decided March 15, 2002.

Susan H. Jones, Wilson Jones, P.C., Tulsa, OK, for Petitioner.

Margaret A. Bomhoff, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, OK, and J. Ronald Petrikin, Jacalyn W. Peter, Conner & Winters, Oklahoma City, OK, for Respondent Harsco Corporation.

## OPINION

ADAMS, Judge:

¶ 1 In January, 1994, the trial court found Claimant Melvin Green had sustained a twenty-percent permanent partial binaural hearing loss from accidental injury arising out of and in the course of his employment with Harsco Corporation (Employer). The trial court ordered Employer to pay appropriate compensation to Claimant and to furnish him with binaural hearing aids. However, it denied Claimant's request for annual audio testing. Employer complied with the order.

¶ 2 Seven years later, Petitioner filed a Form 13 seeking replacement of his hearing aids. Employer argued the time to reopen Claimant's case had run, and it was no longer responsible for replacing the hearing aids. The trial court found Claimant's Form 13 was time barred and denied his request, noting:

> [C]laimant's request for replacement filed pursuant to a Form 13 in this claim is DENIED. The claimant must file a Form 9 requesting a reopening of his claim in order to obtain this relief. If the Court were to accept substance over form and consider claimant's Form 13 as a request to reopen his claim, the request was not timely filed under 85 O.S. § 43. Claimant's request is DENIED.

Claimant then filed this review proceeding.

¶ 3 The precise issue identified here, *i.e.,* whether an employer's obligation to replace hearing aids is subject to any time limitation where the need for replacement is not the result of a change in the claimant's physical condition, was recently addressed in *Leach v. Hamilton Trucking Company,* 2002 OK CIV APP 11, 39 P.3d 824. The Court rejected the approach argued here by Employer and adopted by the trial court in its order. Addressing trial court language virtually identical to that presented here, *Leach* concluded

the obligation to replace hearing aids was continuing medical maintenance and was not subject to the time limitation applicable to attempts to reopen a claim for change of condition.

¶ 4 We agree with *Leach* and apply it here. The order is vacated, and the case is remanded for further proceedings consistent with this opinion.

¶ 5 VACATED AND REMANDED.

¶ 6 HANSEN, P.J., and MITCHELL, J., concur.