2000 OK CIV APP 25

**In the Matter of the ADOPTION OF K.M.S., Born March 20, 1995,**

**Jeffrey S. Simmons and Misti Simmons, Appellants.**

v.

**Bonnie Jean Mizell, Appellee.**

**No. 92,863.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 17, 1999.

Bruce A. Spence, Tulsa, Oklahoma, For Appellants.

Curtis A. Parks, Tulsa, Oklahoma, For Appellee.

## OPINION

CARL B. JONES, Chief Judge:

¶1 Appellants, Jeffrey and Misti Simmons, appeal from an order denying their request for attorney fees after successfully opposing a grandmother's attempt to secure visitation of her grandchild.

¶2 The sequence of events leading to this appeal is as follows: Appellant, Misti, a single mother, brought an action against one Beeman Roland to establish his paternity and secure child support for her minor child. That was successful. Subsequently, Misti married Jeffrey Simmons and together, on February 2, 1998, they filed a new action seeking to terminate the parental rights of the biological father and to permit Jeffrey Simmons to adopt the child without the consent of the biological father. Appellee, Bonnie Jean Mizell, is the mother of the natural father and is the paternal grandmother of the child. Appellee, Mizell, later, in February, 1998, intervened in the paternity action seeking grandparental visitation under 10 O.S. Supp.1997 § 5. The two cases were consolidated in October, 1998, and tried in December, 1998. Earlier, in May, 1998, the natural father, Beeman Roland, gave his consent to the adoption. The adoption was granted and Appellee/Mizell, the grandmother, was determined by the court to have no right of visitation with the child. Appellants sought prevailing party attorney fees from Mizell. The trial court ultimately ruled there was no basis for an award of attorney fees. The appeal comes from that order denying Appellants' request for attorney fees.

¶3 Appellants first argue that attorney fees are recoverable under 10 O.S. Supp.1997 § 89.3 and 43 O.S. Supp.1997 § 109.2. The right to recover prevailing party attorney fees is governed by what is known as the "American Rule". The American Rule precludes the award of such fees in the absence of a specific statute allowing their recovery or a specific contract therefore between the parties with narrowly defined exceptions. *Kay v. Venezuelan Sun Oil Co.,* 1991 OK 16, 806 P.2d 648, 650. Statutes authorizing prevailing party attorney fees are to be strictly applied by the court because the award of such fees is considered to have a chilling effect upon the guarantee of open access to the courts. *Id.; Beard v. Richards,* 1991 OK 117, 820 P.2d 812, 816. The applicability of the American Rule to this case can be summed up by saying that if the attorney fees' statutes do not clearly apply, then they do not apply.

¶4 Title 10 O.S. Supp.1997 § 89.3 allows the trial court to award or apportion attorney fees and costs in "paternity" actions. Appellee, Mizell, intervened in the paternity action against her son, but her claim was to establish her right to grandparental visitation. Section 89.3 is an attorney fee statute, but it is not authority for an award of attorney fees in an action to secure grandparental visitation.

¶5 Title 43 O.S. Supp.1997 § 109.2 provides that in any action concerning child custody or child support, the court may also

determine paternity and "may make an appropriate order for payment of costs and attorney fees." Like the statute discussed above, § 109.2 is not applicable to an order for grandparental visitation. It should also be noted that 10 O.S. Supp.1997 § 5, the statute which does authorize grandparental visitation rights, **does not** even impliedly authorize the award of prevailing attorney fees.

¶ 6 Appellants also sought attorney fees on the basis that Appellee's actions were in bad faith, vexatious, wanton and oppressive. Our Supreme Court has held there to be an exception to the general rule (American Rule), in that the trial court "has the equitable power to award attorney fees in cases where an opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reason." *Walden v. Hughes,* 1990 OK 105, 799 P.2d 619 (citing *In re Estate of Katschor,* 1981 OK 125, 637 P.2d 855.); *Bond v. Fox Building Supply,* 1992 OK 19, 826 P.2d 599, 602–603. This, of course, is discretionary, not mandatory, and the trial court made no findings of fact that Appellant was guilty of such conduct.

¶ 7 The failure to award attorney fees on the basis of the bad faith exception is reviewed by the abuse of discretion standard. *Bond v. Fox Building Supply, supra,* at 603. To reverse a trial court on the ground of abuse of discretion it must be found that the judge made a clearly erroneous conclusion, against reason and evidence. *Abel v. Tisdale,* 1980 OK 161, 619 P.2d 608, 612; *Broadwater v. Courtney,* 1991 OK 39, 809 P.2d 1310, 1312. No such abuse of discretion has been shown or found. The order of the trial court is AFFIRMED.

HANSEN, P.J., and ADAMS, J., concur.