Dear Senator Leftwich:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. In the overlap areas between a college technology center school district (such as that operated by Oklahoma City Community College) and other technology center school districts authorized by 70 O.S.Supp. 2008, § 14-108[70-14-108], may the technology center school districts collect the incentive levy previously approved by the voters of the entire district, without calling for a new election?
 2. If an additional election is necessary, are all registered voters in the respective technology center school districts allowed to vote or only those voters in the overlap areas?
 3. If additional elections are necessary and if the voters reject the incentive levy for the overlap area, which election would control: the election in which the incentive levy was earlier approved by the entire technology center school district, or the election in which it was rejected for the overlap area?
 BACKGROUND
Your questions involve technology center school districts, which are established and governed by Article X, Section 9B of the Oklahoma Constitution as well as the specific statutory provision of State law under which such districts are established. Article X, Section 9B was added to the Oklahoma Constitution in 1966[1] and allowed what were then *Page 2 
called "area school districts" for vocational and/or technical schools to be created. Article X, Section 9B is somewhat unique since it is a provision of the Oklahoma Constitution that may be amended by the Legislature.
That section states in relevant part that: "E. The Legislature may alter, amend, delete, or add to the provisions of this section by law." OKLA. CONST. art. X, § 9B. "The object of construction, applied to a constitution, is to give effect to the intent of its framers and of the people adopting it. This intent is to be found in the instrument itself; and when the text of a constitutional provision is not ambiguous, the courts, in giving construction thereto, are not at liberty to search for its meaning beyond the instrument." Moore-Norman A.V.T.S.D. No. 17 v.Bd. of Tr., 519 P.2d 497, 501 (Okla. 1974) (quoting Latting v.Cordell, 172 P.2d 397, 397 (syllabus ¶ 1) (Okla. 1946)), quoted in Hinesv. Winters, 320 P.2d 1114, 1118 (Okla. 1957). Here, the text of the constitutional provision about amendment by the Legislature is not ambiguous. The Legislature may amend this section of the Constitution as allowed by subsection E of Article X, Section 9B, and the Legislature has approved changes to this provision of the Constitution. An amendment relevant to your inquiry was made in 2007, which will be discussed later in this Opinion. See 2007 Okla. Sess. Laws ch. 123, § 1.
The term "area school districts" was changed in 2001 to "technology center school districts," and for purposes of this Opinion will be referred to as such. 2001 Okla. Sess. Laws ch. 33, § 183(A).
 CREATION OF TECHNOLOGY CENTER SCHOOL DISTRICTS
Since 1966, the Legislature has passed statutes that allow for the creation of technology center school districts under various and distinct provisions of the law. The majority of technology center school districts in Oklahoma are created under 70 O.S.Supp. 2008, § 14-108[70-14-108] and State Board of Career and Technology Education administrative rules. Section 14-108 states in relevant part as follows:
 A. The State Board of Career and Technology Education shall prescribe criteria and procedures for the establishment and governance of technology center school districts, as provided by Section 9B, Article X, Oklahoma Constitution, and such districts so established shall be operated in accordance with rules of the State Board of Career and Technology Education, except as otherwise provided in this title.
Id. The State Board of Career and Technology Education has adopted administrative rules relating to creating technology center school districts, though the rules are not determinative of the issues posed in your questions. See OAC 780:15-3-1 — 15-3-8.
After 1966, other technology center school districts were created pursuant to Section 4419(A) of Title 70 (creating Tulsa Technology Center School District), and Section 4420(A) (creating Tulsa Community College Technology Center School District). College technology center school districts, like Oklahoma City Community College ("OCCC"), were *Page 3 
also created under Section 4410 of Title 70. Amendments to Section 4423 of Title 70 made OCCC a part of the Oklahoma State System of Higher Education but also allowed OCCC to continue to operate a technology center school district. Id. § 4423(A), (B).
Your inquiry, as evidenced by the letter from OCCC that accompanied your request, appears to involve the interaction between technology center school districts created under Section14-108 of Title 70 and OCCC, which operates a college technology center school district created under Section 4410; specifically, you inquire about the authority to collect incentive levies under Article X, § 9B(A) and (B).[2] This Opinion and its analyses will thus be limited to technology center school districts created under these provisions of law.
 TYPE OF LEVIES UNDER ARTICLE X, SECTION 9B OF THE OKLAHOMA CONSTITUTION
For discussion in this Opinion, we will examine two types of levies authorized by Article X, Section 9B of the Oklahoma Constitution. Article X, Section 9B(A) of the Oklahoma Constitution allows technology center school districts, after voter approval, to levy an amount not to exceed five (5) mills on the dollar valuation of the taxable property in any technology center school district, for the district and itsoperational needs. Subsection A of Section 9B, in relevant part states:
 Technology center school districts for technology center schools may be established and a levy of not to exceed five (5) mills on the dollar valuation of the taxable property in any technology center school district so established may be made annually, for the district, when the levy is approved by a majority of the electors of the technology center school district, voting on the question at an election called for that purpose.
Id. Subsection B of Article X, Section 9B of the Oklahoma Constitution allows technology center school districts, after voter approval, to make a local incentive levy in an amount not to exceed five (5) mills on the dollar valuation of the taxable property in the district. Article X, Section 9B states in pertinent part:
 B. In addition to any other levies authorized by this section, a technology center school district may make a local incentive levy for the benefit of the technology center school district in an amount not to exceed *Page 4 
five (5) mills on the dollar valuation of the taxable property in the technology center school district when approved by a majority of those registered voters of the technology center school district voting on the question at an election called for that purpose.
Id. This incentive levy is in addition to any other levies. *Page 5 
 "OVERLAP AREAS"
Article X, Section 9B(A) of the Oklahoma Constitution, though generally providing for operational levies for technology center school districts, also discusses overlap areas and incentive levies in overlap areas. "Overlap areas" means land that overlaps into both a college technology center school district and a technology center school district established as prescribed by the State Board of Career and Technology Education pursuant to Section 14-108 of Title 70 of the Oklahoma Statutes. OKLA. CONST. art. X, § 9B(A); see Attachment A (an illustration demonstrating the overlap areas).
In 1974 the Oklahoma Supreme Court analyzed Article X, Section 9B of the Oklahoma Constitution and, in a pivotal decision, discussed a situation involving overlap areas and how operational levies were allocated within the overlap area. Moore-Norman, 519 P.2d at 502. TheMoore-Norman case considered tax monies to be derived from a part of an area school district (now called technology center school district) that was overlapped by a college area school district, and determined the respective authority of the two school districts to levy under the 1974 laws. Id.
The Moore-Norman case analyzed the historical background of Article X, Section 9B of the Oklahoma Constitution and discussed at length the legislative intent of that Section relating to overlap areas.Moore-Norman, 519 P.2d at 500-01. The facts in Moore-Norman related to operational levies (authorized by Article X, Section 9B(A)), while your inquiry relates to incentive levies (authorized by Article X, Section 9B(B)); however, the court's analysis of Article X, Section 9B of the Oklahoma Constitution is very instructive regarding your inquiry.
The Oklahoma Supreme Court stated, "Accordingly, we hold that Section 9B, Article X, Oklahoma Constitution, does not contemplate the imposition of a tax levy upon the taxable property in the overlap area of the two area school districts in excess of that authorized for a single school district." Id. at 502.
Article X, Section 9B of the Oklahoma Constitution was amended in 2007 to address incentive levies in overlap areas. Prior to 2007, the pertinent part of Article X, Section 9B(A) of the Oklahoma Constitution read as follows:
 [O]nly the levies made by the college technology center school district shall be applied to said overlap territory , and revenues from the overlap area collected pursuant to any incentive levy so made shall be apportioned one-half to the college technology center school district making the levy and one-half to the overlapped technology center school district[.]
Id. (emphasis added.) Thus, until 2007, only the college technology center school district was authorized to levy on property within the overlap areas, for either operational or *Page 6 
incentive levies, and the revenues collected on the overlap area from the incentive levy were split equally between the two technology center school districts. Id.
That portion of Article X, Section 9B(A), as amended in 2007, now provides that incentive levies for certain districts may be applied to the overlap area by either the college technology center school district or technology center school district and the revenues collected on the overlap area from the incentive levy are to be split equally between the two technology center school districts. 2007 Okla. Sess. Laws ch. 123, § 1 That section provides in relevant part as follows:
 Provisions of other subsections of this section notwithstanding, in any case where a college technology center school district recognized pursuant to Section 4423 of Title 70 of the Oklahoma Statutes and established by vote of the people after December 31, 1968, overlaps and includes territory which is included within the district of a technology center school established as prescribed by the State Board of Career and Technology Education pursuant to Section 14-108 of Title 70 of the Oklahoma Statutes, except as otherwise provided herein, only the levies made by the college technology center school district shall be applied to said overlap territory, provided that incentive levies may be applied to the overlap area by either the college technology center school district or technology center school district and revenues from the overlap area collected pursuant to any incentive levy so made shall be apportioned one-half to the college technology center school district making the levy and one-half to the overlapped technology center school district; provided, only one district shall make an incentive levy in such overlap territory during any given time period.
Id. (emphasis added). Thus, Article X, Section 9B(A) of the Oklahoma Constitution was amended in 2007 (effective July 1, 2007) to alloweither technology center school district to apply incentive levies to the overlap area, but maintained the limitation that only one district may make an incentive levy in the overlap territory during any given time period. Id. That is consistent with the holding and legislative history discussed in the Moore-Norman case cited earlier.
 CONTINUING LEVIES
Beginning in 1993, voters in technology center school districts were allowed to pass a continuing incentive levy that once approved, did not require annual voter approval to continue in subsequent years. 1993 Okla. Sess. Laws ch. 149, § 1. "This levy, when approved, shall be made each fiscal year thereafter until repealed by a majority of the electors of the area school district voting on the question at an election called for that *Page 7 
purpose." Id. It should be noted that OCCC has overlap areas with three distinct technology center school districts that were organized under Section14-108 of Title 70 and the State Board of Career and Technology Education rules. See OAC 780:15-3-1 — 15-3-8. Voters in all three of the technology center school districts have approved an incentive levy as a continuing one. OCCC has not called for an incentive levy election, but does collect the operational levy from the overlap areas. However, continuing to follow the pre-2007 amendment to allow only the college technology center school district levies to be collected in an overlap area, no districts currently collect any incentive levy from property in the overlap areas with OCCC, and neither the college technology center school district nor the overlapping technology center school districts collect an incentive levy in the overlapping areas.[3]
 FIRST QUESTION
In effect, you first ask, in light of the 2007 amendment to Article X, Section 9B of the Oklahoma Constitution that allows either the college technology center school district or the technology center school district to levy an incentive levy, may the collection of the levy be based upon an election that approved the incentive levy as a continuing incentive levy for an entire technology center school district, including the overlap area, prior to the 2007 amendment to the Constitution?
Prior to July 1, 2007, only the levies made by the college technology center school district could be applied to the overlap territory. "Legislative intent governs statutory interpretation and this intent is generally ascertained from a statute's plain language." State ex rel.Okla. State Dep't of Health v. Robertson, 152 P.3d 875, 877-78 (Okla. 2006). Additionally, "[t]he plain meaning of a statute's language is conclusive except in the rare case when literal construction would produce a result demonstrably at odds with legislative intent."Boston Ave. Mgmt., Inc. v. Assoc. Res., Inc., 152 P.3d 880, 885 (Okla. 2007) (quoting Fulsom v. Fulsom, 81 P.3d 652, 654 (Okla. 2003)). But, even before the 2007 amendment, voters from the entire districts voted upon the questions involving incentive levies.
Both before and after 2007, the Legislature allowed technology center school district voters to consider incentive levies and the Constitution states:
 [A] technology center school district may make a local incentive levy for the benefit of the technology center school district in an amount not to exceed five (5) mills on the dollar valuation of the taxable property in the technology center school district when approved by a majority of those registered voters of the technology center school district voting on the question at an election called for that purpose. *Page 8 
OKLA. CONST. art. X, § 9B(B) (emphasis added.) The Legislature allowed all voters in the district to consider whether to make an incentive levy for the benefit of the district, including those voters in an overlap area before and after the 2007 amendment, but there was an impediment to the collection of the incentive levy in the overlap area.
Prior to July 1, 2007, the only impediment to collection of the incentive levy in an overlap area was contained in Article X, Section 9B
of the Oklahoma Constitution. In 2007, the Legislature, utilizing the power granted by Article X, Section 9B(E) of the Oklahoma Constitution to amend this provision of the Constitution, effectively removed the impediment. See 2007 Okla. Sess. Laws ch. 123, § 1. Elections had been held in the three technology center school districts on the issue of incentive levies in 1994 and 2000, and those levies are of a continuing nature as authorized by Article X, Section 9B of the Oklahoma Constitution.[4] The voters of the technology center school districts have already approved the "question at an election called for that purpose." OKLA. CONST. art. X, § 9B(A). The incentive levy may now be collected within the overlap area based upon the previous approving vote of the electors of the district. Id.
Article X, § 9B(A) of the Oklahoma Constitution, in addressing incentive levies, also requires an apportionment of revenues collected from the overlap area. Specifically,
 [R]evenues from the overlap area collected pursuant to any incentive levy so made shall be apportioned one-half to the college technology center school district making the levy and one-half to the overlapped technology center school district; provided, only one district shall make an incentive levy in such overlap territory during any given time period.
Id. Thus, collections of incentive levies from overlap areas are apportioned one-half to each, without regard to whether the levy was imposed by the college technology center school district or by a technology center school district.
Since additional elections are not necessary to authorize the collection of the incentive levy from lands within an overlap area, your second and third questions shall not be addressed.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. In the overlap areas between a college technology center school district such as Oklahoma City Community College and a technology center school district authorized by Section 14-108 of Title 70, either district may levy and collect revenue from an incentive levy in the overlap area, provided, only one district *Page 9 shall impose an incentive levy in such overlap territory during any given time period. OKLA. CONST. art. X, § 9B(A).
 2. A technology center school district may impose a local incentive levy for the benefit of the technology center school district in an amount not to exceed five (5) mills on the dollar valuation of the taxable property in the technology center school district when approved by a majority of those registered voters of the technology center school district voting on the question at an election called for that purpose. OKLA. CONST. art. X, § 9B.
 3. Because the impediment preventing a technology center school district from collecting revenue in an overlap area was removed by amendments to Article X, Section 9B of the Oklahoma Constitution in 2007, approval by a majority of those registered voters in the technology center school district permits the collection of revenue from an incentive levy for the overlap area. See 2007 Okla. Sess. Laws ch. 123, § 1. Any continuing incentive levy up to the limit allowed in Article X § 9B(A), including one approved in the past, may now be collected within the overlap area without further elections being held. Any collections of incentive levies from overlap areas are apportioned one-half to each district, without regard to whether the levy was imposed by the college technology center school district or by a technology center school district. 2007 Okla. Sess. Laws ch. 123, § 1; OKLA. CONST. art. X, § 9B(A).
GLEN D. HAMMONDSASSISTANT ATTORNEY GENERAL
[1] Article X, Section 9B was added by State Question No. 434. The constitutional amendment was adopted at an election held May 24, 1966.See http://www.sos.state.ok.us/exec_legis/InitList.asp (last visited Dec. 11, 2008).
[2] See letter from Oklahoma Senator Debbe Leftwich to Oklahoma Attorney General Drew Edmondson, att. 1, pp. 1-2 (Aug. 5, 2008) (on file with author).
[3] See n. 1.
[4] Based upon information provided with the Opinion request.See n. 1. *Page 1