Dear Ms. Atwood:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 For retirement purposes, is a member of the Oklahoma Public Employees Retirement System entitled to receive service credit for unused sick leave accrued during prior state service when the member had a break in service in excess of two years?
 BACKGROUND
Your question involves the circumstances under which a member of the Oklahoma Public Employees Retirement System ("OPERS") may receive service credit for unused sick leave, where that member had a break in service in excess of two years and subsequently returned to employment with a participating employer. The information submitted with your inquiry letter asks about the applicability of the leave reinstatement statutes to this situation. Generally, Oklahoma statutes provide that accrued sick leave is lost when employees end their employment with the State. Under certain circumstances, leave may be restored if the employee returns to State employment on or before two (2) years after leaving employment.
 STATUTES ON RETIREMENT BENEFITS
Members of OPERS receive an annual retirement benefit based upon service in accordance with statutory provisions. 74 O.S.Supp. 2008, § 915[74-915](A)(1). That subsection provides:
 (1) Except as otherwise provided in this subsection and as provided for elected officials in Section 913.4 of this title, any member who shall retire on or after the member's normal retirement date shall be entitled to receive an annual retirement benefit equal to two percent (2%) of *Page 2 
the member's final average compensation as determined pursuant to paragraph (18) of Section 902 of this title, multiplied by the number of years of credited service that has been credited to the member in accordance with the provisions of Section 913 of this title other than years credited pursuant to paragraph (2) of this subsection.
Id. (emphasis added.)
The terms "credited service" and "participating service" are defined for purposes of the OPERS statutes. "`Credited service' means the sum of participating service, prior service and elected service[.]" 74 O.S.Supp. 2008, § 902[74-902](10). "Participating service' means the period of employment after the entry date for which credit is granted a member[.]"Id. § 902(26).
Specific provisions of the OPERS statutes set out the limitations and requirements for service credit to be granted a member. Participating service credit for OPERS is controlled by 74 O.S.Supp. 2008, § 913[74-913](B)(7), which states:
 The total participating service credit of a member who retires or terminates employment and elects a vested benefit shall include not to exceed one hundred thirty (130) days of unused sick leave accumulated subsequent to August 1, 1959, during the member's employment with any participating employer. Such credit shall be added in terms of whole months. Twenty (20) days of unused sick leave shall equal one (1) month for purposes of participating service credit. If unused sick leave entitles a member to an additional year of service credit, the member's employer shall reimburse the System for the cost of funding the additional reserve. Each participating employer shall provide the System with adequate and timely information necessary to determine additional benefits and its cost under this paragraph. This paragraph shall apply to members retiring or vesting on or after July 1, 1984.
Id. (emphasis added).
In this instance, the member left employment with a district attorney's office and filed for a vested benefit with OPERS in January 2000. See
letter from Joe Fox, General Counsel, OPERS, to W.A. Drew Edmondson, Okla. Attorney General p. 1 (Feb. 2, 2009) (on file with the author). At that time, the member's participating service credit included 685 hours of unused sick leave that was certified by an employee of the District Attorney's Council. Id. Section 913(B)(7) addresses this exact situation — a member who retires or terminates employment and elects a vested benefit. The employee did not retire in 2000, but did terminate employment and elected a vested benefit. Id. By doing so, for retirement *Page 3 
purposes the member's actions included electing a vested benefit and that effectively protected the amount of unused sick leave until his or her retirement.
In the retirement statutes cited above, dealing with the computation of service credit, there is no language regarding a break in service. There is no language regarding restoring unused sick leave. The statute instead discusses the mandatory requirement that the total participating service credit shall include not to exceed one hundred thirty (130) days of unused sick leave accumulated during the member's employment withany participating employer. That relevant provision states:
 The total participating service credit of a member who retires or terminates employment and elects a vested benefit shall include not to exceed one hundred thirty (130) days of unused sick leave accumulated subsequent to August 1, 1959, during the member's employment with any participating employer.
74 O.S.Supp. 2008, § 913[74-913](B)(7).
 STATUTES ON RESTORATION OF ACCRUED SICK LEAVE "STATUTES ON RESTORATION OF ACCRUED SICK LEAVE"
In your opinion request letter you discuss the applicability of a statute on restoring accrued sick leave to this situation.[1]
Specifically, the relevant statute provides:
 State employees who terminated their employment in the state service on or after October 1, 1992, may be eligible to have sick leave accrued at the time of termination of employment restored if they return to state employment, provided that the state employees' enter-on-duty dates for reemployment occur on or before two (2) years after their termination of employment and they are eligible to accrue sick leave before the two (2) years expire.
74 O.S.Supp. 2008, § 840-2.20[74-840-2.20](A)(7) (emphasis added).
 LEGISLATIVE INTENT
"Legislative intent governs statutory interpretation and this intent is generally ascertained from a statute's plain language." State ex rel.Okla. State Dep't of Health v. Robertson, *Page 4 152 P.3d 875, 877-78 (Okla. 2006). Additionally, "[t]he plain meaning of a statute's language is conclusive except in the rare case when literal construction would produce a result demonstrably at odds with legislative intent." Boston Ave. Mgmt., Inc. v. Assoc. Res., Inc., 152 P.3d 880, 885
(Okla. 2007) (quoting Fulsom v. Fulsom, 81 P.3d 652, 655 (Okla. 2003)).
In the facts you specified, the employee was not reemployed within two years and was not eligible, for leave accrual purposes, to have unused sick leave restored. When we compare and contrast the provisions of Sections 840-2.20 and 913(B)(7), we find no language in either statute that evidences legislative intent for interaction between these statutes. These two statutes, one involving retirement pensions and the other involving leave usage and restoration for current employees, were enacted for different purposes. There is no statutory language demonstrating that the mandatory provisions of Section 913 — "[t]he total participating service credit of a member . . . shall include . . . unused sick leave accumulated . . . during the member's employment with any participating employer" — be limited. 74 O.S.Supp. 2008, § 913[74-913](B)(7).
The statutes are unambiguous that service credit is service that has been credited to the member in accordance with the provisions of Section 913 of this Title. 74 O.S.Supp. 2008, § 915[74-915](A)(1). The employee accrued this unused sick leave during his or her employment with a participating employer. In the absence of contrary legislative intent, we conclude the Legislature did not intend that the statutes on restoring accrued leave be applied to retirement benefits computations.
 CONCLUSION
In your inquiry, the member had a break in service in excess of two years followed by reemployment in State service, all within the District Attorneys' system. While that member of OPERS was not entitled to the restoration of previously accrued sick leave for leave purposes, that does not affect the computation of the member's retirement benefits under Oklahoma retirement laws for an employee who previously terminated employment and elected a vested benefit. The member was entitled to service credit for unused sick leave accumulated during the member's employment with any participating employer.
 It is, therefore, the official Opinion of the Attorney General that:
 For retirement purposes, a member of the Oklahoma Public Employees Retirement System ("OPERS") who previously terminated his or her employment and elected a vested benefit is entitled to receive service credit for unused sick leave accrued during prior state service pursuant to 74 O.S.Supp. 2008, § 913[74-913]. That result is not changed when a member of OPERS had a break in service in excess of two years. *Page 5 
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GLEN D. HAMMONDS ASSISTANT ATTORNEY GENERAL
[1] Letter from Suzanne McClain Atwood, Executive Coordinator, District Attorneys Council, to W.A. Drew Edmondson, Attorney General of the State of Oklahoma p. 2 (Dec. 2, 2008) (on file with the author). *Page 1