2010 OK CIV APP 59

**The INCORPORATED CITY OF GROVE, DELAWARE COUNTY, Oklahoma, an Oklahoma municipal corporation, Plaintiff/Appellee,**

v.

**Vernon BOYCE, individually, and Boyce Investments, L.L.C., d/b/a All American Outdoor Advertising Company, Defendants/Appellants,**

and

**The Grand River Dam Authority, Defendant/Appellee.**

**No. 107,316.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 7, 2010.

---

Brandon A. Johnson, Davis & Thompson, Jay, OK, for Plaintiff/Appellee.

Jot Hartley, Daniel Giraldi, The Hartley Law Firm, PLLC, Vinita, OK, for Defendants/Appellants.

Gretchen Zumwalt–Smith, Vinita, Oklahoma, for Defendant/Appellee.

ROBERT DICK BELL, Vice–Chief Judge.

¶ 1 Defendants/Appellants, Vernon Boyce and Boyce Investments, L.L.C., d/b/a All American Outdoor Advertising Company (Boyce), appeal from the trial court's judgment permanently enjoining Boyce from constructing billboards on certain property deemed to be within the city limits of Plaintiff/Appellee, City of Grove (City). For the reasons set forth below, we affirm.

■ ¶ 2 In 2007, Boyce leased certain real property (Subject Property) from the landowner for the purpose of erecting billboards. After Boyce began constructing billboards in July 2008, City filed a petition for injunctive relief. City's petition alleged the billboards were in violation of City of Grove Municipal Ordinance No. 451, which prohibits, with certain exceptions, all non-accessory and billboard signs within the city limits of Grove.

Boyce counterclaimed, asserting the Subject Property had been de-annexed by City via Municipal Ordinance No. 404 on December 3, 1996. Defendant/Appellee, The Grand River Dam Authority (GRDA), was later added as a party at the direction of the trial court.

¶ 3 Both City and Boyce filed motions for summary judgment. The trial court denied Boyce's motion and granted City's motion. Specifically, the trial court permanently enjoined Boyce from constructing billboards on the Subject Property and ordered Boyce to remove all construction thus far completed. From said judgment, Boyce appeals. This matter stands submitted for accelerated appellate review on the trial court record pursuant to Rule 13(h), *Rules for District Courts*, 12 O.S. Supp.2002, Ch. 2, App., and Rule 1.36, *Oklahoma Supreme Court Rules*, 12 O.S. Supp.2003, Ch. 15, App. 1.

■ ¶ 4 This Court's standard of review of a trial court's grant of summary judgment is *de novo. Hoyt v. Paul R. Miller, M.D., Inc.*, 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Co-op.*, 1996 OK 44, ¶ 15, 914 P.2d 669, 674. The sole issue in this case is whether the trial court properly concluded the Subject Property is located within the Grove city limits. Such conclusion emanated from the trial court's interpretation of Ordinance No. 404. A legal question involving the interpretation of legislation is also subject to *de novo* review by this Court. *Fulsom v. Fulsom*, 2003 OK 96, ¶ 2, 81 P.3d 652, 654. Such examination requires "a non-deferential, plenary and independent review of the trial court's legal ruling." *Id.*

¶ 5 It is undisputed (1) the Subject Property falls within the legal description of the real property identified in Ordinance No. 404 and (2) Ordinance No. 451 would prohibit the construction of Boyce's billboards if the Subject Property lies within the city limits of Grove. At issue is the interpretation of Ordinance No. 404, which provides in relevant part:

Be it ordained by the City Council of the City of Grove, Delaware County, Oklahoma:

*Section 1:* That Grand River Dam Authority has requested the City Council of the City of Grove by oral application to have all that part of the hereinafter described real property acquired by Grand River Dam Authority prior to annexation by the City of Grove de-annexed from the City Limits of the City of Grove.

The ordinance then set forth the legal description of the real property involved.

¶ 6 The record indicates the GRDA filed a formal protest in January 1996 to City's then-recent annexation of certain "property situated within the boundaries of the GRDA District." The GRDA reasoned in its protest letter that the Oklahoma Legislature intended to vest exclusive authority in the GRDA to regulate and control all property located within the boundaries of its District. It appears this protest triggered City's enactment of Ordinance No. 404.

¶ 7 The crux of Boyce's motion for summary judgment is that the GRDA had an interest in the Subject Property, specifically a flowage easement, prior to the time the property was annexed by City. Boyce argued the Subject Property was included in "that part" of the described property that had been "acquired by" GRDA before the annexation. Thus, the Subject Property should now be considered de-annexed by virtue of the plain language of Ordinance No. 404.

¶ 8 The glaring problem with Boyce's position is that the GRDA, after being joined as a party to this lawsuit, specifically disclaimed any flowage easement on (or any fee interest in) the Subject Property. In fact, Boyce's own documentary evidence supports the conclusion that the flowage easement on the Subject Property is owned by the United States Government. Therefore, even if Ordinance No. 404 was interpreted to include a flowage easement on the Subject Property in the definition of "real property acquired … prior to annexation," the record demonstrates the easement is not owned by the GRDA. Because there is no record evidence the GRDA owned any interest in the Subject Property prior to the time the property was annexed by City, the Subject Property was not included in the land de-annexed by Ordinance No. 404. The Subject Property is therefore included within the corporate limits of the City of Grove and subject to the regulatory control of City pursuant to its municipal sign ordinance.

¶ 9 On the basis of the foregoing and after *de novo* review of the record, we hold there exists no genuine issue as to any material fact and City is entitled to judgment as a matter of law. Accordingly, the judgment of the trial court is affirmed.

¶ 10 AFFIRMED.

JOPLIN, P.J., and MITCHELL, J., concur.