2013 OK CIV APP 87

**SOUTHLAKE EQUIPMENT COMPANY, INC., d/b/a B & R Equipment Company, Plaintiff/Appellee,**

v.

**HENSON GRAVEL & SAND, LLC and Melvin D. Henson, Jr., Defendants/Appellants.**

No. 110347.

Court of Civil Appeals of Oklahoma, Division No. 4.

Sept. 6, 2013.

Richard C. Ogden, T. Matthew Smith, Mulinix Ogden Hall, & Ludlam, P.L.L.C., Oklahoma City, OK, for Plaintiff/Appellee.

Jack Mattingly, Jr., The Mattingly Law Firm, P.C., Seminole, Oklahoma, for Defendants/Appellants.

JERRY L. GOODMAN, Judge.

¶1 Melvin D. Henson, Jr. ("Debtor") and Henson Gravel & Sand, LLC (collectively "Appellants"), appeal the trial court's January 4, 2012, Journal Entry, granting Southlake Equipment Company, Inc., d/b/a B & R Equipment Company's ("Southlake") Application for Writ of Special Execution in partial satisfaction of its judgment. Based upon our review of the facts and applicable law, we reverse and remand with instructions.

## FACTS

¶2 On October 9, 2009, the district court of Tarrant County in the State of Texas entered an agreed judgment in the amount of $40,840.19 plus an attorney's fee and costs against Appellants and in favor of Southlake. Southlake subsequently filed a notice of foreign judgment in Seminole County, Oklahoma. On March 3, 2011, Southlake filed an application for writ of special execution ("Writ"), requesting the trial court order the seizure of Debtor's units ("Units"), both economic and voting interest, in Econtuchka Erosion Control, LLC ("EEC"), in partial satisfaction of the October 9 judgment. EEC has four members (Debtor (24% of Units); Denise Henson, Debtor's wife, (26% of Units); Laura Good (26% of Units); and Brian Coates (24% of Units)).

¶3 On April 12, 2011, EEC filed a special appearance in support of Southlake's Writ. EEC asserted Debtor had refused to voluntarily assign his membership interests in the Units to Southlake and that his Units currently had negative economic worth. In addition, EEC submitted a resolution to approve a court's charging order assigning Debtor's Units to Southlake and included a buy-back provision for the Units. Debtor objected to the Writ.

¶4 After a hearing on September 23, 2011, the court granted Southlake's Writ. On January 4, 2012, the trial court entered a final journal entry granting Southlake's Writ and ordering Debtor to assign his entire membership interest, both economic and voting, in his 24 Units to Southlake in partial satisfaction of the October 9 judgment. Debtor appeals.

## STANDARD OF REVIEW

¶5 The task before this Court is to determine whether the trial court properly granted Southlake's Writ, ordering Debtor to transfer his full membership interest, both economic and voting, in his 24 Units of EEC to Southlake. In making this determination, we must determine whether the trial court correctly applied 18 O.S.2011, § 2034. "A legal question involving statutory interpretation is subject to *de novo* review ..., *i.e.,* a non-deferential, plenary and independent review of the trial court's ruling." *Duncan v. Oklahoma Dept. of Corr.,* 2004 OK 58, ¶ 3, 95 P.3d 1076, 1078 (quoting *Fulsom v. Fulsom,* 2003 OK 96, ¶ 2, 81 P.3d 652, 654).

## ANALYSIS

¶6 On appeal, Debtor asserts the trial court improperly applied 18 O.S.2011, § 2034 when it ordered him to transfer his full membership interest in EEC to Southlake in partial satisfaction of the judgment. Section 2034 states:

On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the membership interest of the member with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the *judgment creditor has only the rights of an assignee of the membership interest.* A charging order entered by a court pursuant to this section *shall in no event be convertible into a membership interest* through foreclosure or other action. This act does not deprive any member of the benefit of any exemption laws applicable to his or her membership interest. *This section shall be the sole and exclusive remedy of a judgment creditor*

*with respect to the judgment debtor's membership interest.*

18 O.S.2011, § 2034 (emphasis added).

¶ 7 The Act defines a "membership interest" as "a member's rights in the limited liability company, collectively, including the member's share of the profits and losses of the limited liability company, the right to receive distributions of the limited liability company's assets, and any right to vote or participate in the management." 18 O.S. 2011, § 2001(15).[1]

¶ 8 Section 2034 exclusively describes the rights of a creditor against a judgment debtor member of a limited liability company. It authorizes a court to charge the membership interest of a judgment debtor to a creditor as payment towards the debt until the judgment is satisfied. However, § 2034 narrows the definition of membership interest to mean only the flow of profits or surplus from the member's economic interest in his units of the LLC, and only allows this flow until the judgment is satisfied. Section 2034 specifically states "the judgment creditor has only the rights [or entitlements] of an assignee of the membership interest." The Act defines the rights of an assignee as "entitl[ing] the assignee to share in profits and losses, to receive any distribution or distributions and to receive the allocation of income, gain, loss, deduction, or credit or similar item to which the assignor was entitled to the extent assigned." 18 O.S.2011, § 2033. The statute specifically excludes the right to vote or participate in management when describing a creditor's entitlement.

¶ 9 In an analogous case, *Major Real Estate & Inv. Corp. v. Republic Fin. Corp.*, 1985 OK CIV APP 6, 695 P.2d 893, creditors appealed a charging order against general partners in a limited partnership. *Id.* at ¶ 1, 695 P.2d at 894. Referring to a statute similar to § 2034, the Court of Civil Appeals held that a charging order may "charge the interest of debtor partner in the partnership with payment of the unsatisfied amount of a judgment." *Id.* at ¶ 3, 695 P.2d at 894. The court defined the interest of a debtor partner to be "his share of the profits and surplus." *Id.*

¶ 10 Similarly, § 2034 provides that a court may charge the debtor member's interest to the creditor until the judgment is satisfied. Section 2033, however, qualifies "interest" to mean only the debtor member's share of the profits and surplus.

■ ¶ 11 In the present case, the trial court charged Debtor to transfer his entire membership interest, both economic and voting, to Southlake in partial satisfaction of the judgment.[2] This charge clearly conflicts with the plain meaning of § 2034 and was therefore in error. The trial court may only charge Debtor to assign the share of the profits and surplus that flow from his membership interest in his Units in EEC until the judgment has been satisfied.

¶ 12 With respect to Debtor's voting interest, § 2033 of the Act describes the transferability of membership interests:

Unless otherwise provided in an operating agreement:

1. A membership interest is not transferable; provided, however, that a member may assign the economic rights associated with a membership interest, in whole or part;

2. An assignment of the economic rights associated with a membership interest does not entitle the assignee to participate in the management and affairs of the limited liability company or to become or to exercise any rights or powers of a member;

18 O.S.2011, § 2033(A)(1–2). Thus, the parties' operating agreement determines if, and how, a membership interest other than economic are transferred to non-members.

¶ 13 In order to transfer Units to non-Members, EEC's operating agreement requires "the consent of remaining Members, which may be granted or withheld in each Member's sole discretion, such consent to be

---

1. Amended by Laws 2008, SB 1043, C. 253, § 16 (effective date amended to January 1, 2010, by Laws 2008, SB 1708, c. 382, § 315; Laws 2008, c. 382 held unconstitutional by *Weddington v. Henry*, 2008 OK 102, 202 P.3d 143).

2. Debtor's voting interest will be discussed *infra.*

evidenced by a written instrument, dated and signed by each other Member." Thus, under the terms of the operating agreement, every other unaffected Member must consent, in writing, to the transfer of full membership interests to a non-Member.

¶ 14 In the present case, EEC submitted a resolution to the trial court which contained the written consent of two of the three unaffected members of EEC. Denise Henson, one of the unaffected Members, did not offer written consent to the transfer of Debtor's Units to Southlake. Accordingly, the terms of the operating agreement were not satisfied and the trial court erred in ordering Debtor assign his voting interest to Southlake.

¶ 15 Consequently, we find error in the trial court's ruling to "assign[ ], transfer and convey[ ]" Debtor's "entire interest, both economic and voting, of the twenty-four (24) units [of EEC] [to Southlake] in partial satisfaction of its judgment against [Debtor]." We reverse the trial court's January 4, 2012, Journal Entry and remand with instructions to enter a new charging order consistent with this opinion.

¶ 16 **REVERSED AND REMANDED WITH INSTRUCTIONS.**

THORNBRUGH, P.J., and RAPP, J., concur.